**James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**Almando S. SAVINI d/b/a Stoughton Sand and Gravel Co., Defendant.**

Civ. A. No. 59–633.

United States District Court
D. Massachusetts.

Jan. 19, 1960.

Thomas L. Thistle, Regional Atty., Dept. of Labor, Albert H. Ross, Boston, Mass., for plaintiff.

Walter G. Murphy, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

The Secretary of Labor brought this action under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., on behalf of eleven employees of the defendant to recover overtime wages. In answer, the defendant relies on various exemptions from the provisions of the Act and alleges that the work performed by the use-plaintiffs was seasonal, that the defendant's business is a retail establishment, and that the use-plaintiffs were engaged in a retailing capacity.

The case is before me now on the plaintiff's objections to certain interrogatories propounded by the defendant which ask with respect to each use-plaintiff for the work weeks in question:

c) The nature and type of work performed and the number of hours.

d) The geographical locations where such work was performed.

## 276

e) The nature of the project or job being worked on.

f) The identity of the person, firm or corporation for whom the work was being performed.

i) Whether such work was seasonal.

j) Whether such work was devoted to manufacture or sale.

The plaintiff has objected generally to these interrogatories on the grounds that to answer would require the plaintiff to make an additional investigation of records which are in the defendant's custody, and that the information requested is immaterial and irrelevant to the issues of the case.

■■ The objections are overruled as to sub-parts c, d, and e of interrogatories 2 to 12 inclusive. This information is clearly relevant to the case, and the plaintiff would have to gather most of it for its own preparation of trial. The fact that the basis of the information sought is contained in the defendant's records is not controlling. One purpose of interrogatories is to obtain admissions from the adverse party, to discover what the adverse party contends the facts are.

■ The objection to part f of Nos. 2 to 12 is sustained, since that information is irrelevant. See McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L. Ed. 1538.

■ The objection to parts i and j of interrogatories 2 to 12 is sustained on the ground that these interrogatories inquire into matters which are ultimately for the court to determine.

■ Interrogatory No. 15 asks for a copy of an investigator's report to her superiors. The plaintiff objects on the ground that the report contains privileged matter, and, by the Deputy Solicitor of Labor, has filed a formal claim of privilege. The objection to this interrogatory is sustained on the dual ground that the report is privileged and that the production of documents is governed by Rule 34, 28 U.S.C.A.