**UNITED STATES of America, Plaintiff,**

v.

**CERTAIN REAL PROPERTY
IN WATERBORO, et al.,
Defendants.**

Civ. No. 90–0224 P.

United States District Court,
D. Maine.

Feb. 6, 1991.

Jonathan Chapman, Asst. U.S. Atty., Portland, ME, for plaintiff.

Richard Romeo, Smith & Elliott, P.A., Portland, ME, for defendants.

GENE CARTER, Chief Judge.

### ORDER GRANTING CLAIMANT'S MOTION TO DISMISS

In this action the United States seeks forfeiture under 18 U.S.C. § 981(a)(1) and 21 U.S.C. § 881(a)(6) of four parcels of land, with all appurtenances and improvements thereon, and three vehicles. On December 26, 1990, Claimant Patrick Cunan filed a motion to dismiss the complaint in rem. The Government did not file an objection to the motion, but on January 15, 1991, filed a "Memorandum in Opposition to Claimant Patrick Cunan's Motion to Dismiss Complaint."

---

Local Rule 19(c), entitled "Objections to Motions," provides:

Unless within 10 days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection. Every party filing an objection shall file with the objection a separate memorandum of law, in duplicate, including citations of supporting authorities and, except as provided in Rule 16(g), affidavits and other documents setting forth or evidencing facts on which the objection is based. The deemed waiver imposed herein shall not apply to motions filed during trial.

As noted above, the Government did not file a written objection to Claimant's Motion to Dismiss. Even if the Court were to deem the memorandum of law that was filed an adequate objection to the motion, it was untimely.

In one of the most recent of many explanations of the operation of Local Rule 19 and Federal Rule of Civil Procedure 6, dealing with time, the Court stated:

Under local practice, three days are added to the time periods prescribed in Local Rule 19 to allow for receipt of the prior pleading by mail. *Grover v. Commercial Insurance Co.,* 104 F.R.D. 136, 138 (D.Me.1985). As previously expressed in *Coles Express v. New England Teamsters & Trucking Industry Pension Fund,* 702 F.Supp. 355 (D.Me.1988) (Cyr, J.), the Court concurs with a majority of courts that have calculated a party's total response period by beginning with the prescribed response period, excluding weekends and holidays, and then adding three mailing days. *See Tushner v. U.S. District Court,* 829 F.2d 853 (9th Cir. 1987); *National Savings Bank v. Jefferson Bank,* 127 F.R.D. 218, 222 and n. 7 (S.D.Fla.1989); *Nalty v. Nalty Tree Farm,* 654 F.Supp. 1315 (S.D.Ala.1987). *See also* C. Wright & A. Miller, *Federal Practice and Procedure* § 1171.

*Andrew Corp. v. Gabriel Electronics, Inc.,* 735 F.Supp. 24, 26 n. 1 (D.Me.1990). In this case, Claimant's motion was filed on Wednesday, December 26, 1990. The ten day response time, excluding weekends and holidays, ended on Friday, January 11, 1991.[1] Addition of the extra three mailing days results in a filing deadline of Monday, January 14, 1991. Plaintiff's memo was filed on Tuesday, January 15, 1991. Finding the Government's response to Claimant's motion to be neither in the proper form nor timely, by operation of Local Rule 19(c), the Court deems the Government to have waived objection to the motion.

Accordingly, it is ORDERED that Claimant's Motion to Dismiss be, and it is hereby, GRANTED.

SO ORDERED.

---

1. The Court has excluded December 31, 1991, as though it were a holiday because the Court was closed for business that day. The Government, therefore, had the benefit of an extra day not contemplated by Fed.R.Civ.P. 6(a) in which to file.