Harold ADKINS, on behalf of all other plaintiffs similarly situated, known and unknown, Plaintiffs,

v.

MID–AMERICAN GROWERS, INC., a corporation, Defendant.

No. 88 C 980.

United States District Court, N.D. Illinois, E.D.

Aug. 31, 1992.

Donald Ray Brewer, Donald R. Brewer, Chtd., Dundee, Ill., John William Billhorn, John W. Billhorn, P.C., Chicago, Ill., Jonathan D. Moses, Jonathan D. Moses & Associates, Glenview, Ill., for plaintiffs.

Edward W. Bergmann, Camille Annette Olson, Anthony B. Byergo, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Douglas Alan Gift, Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., LaSalle, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court are plaintiffs' objections to Magistrate Judge Joan B. Gottschall's June 14, 1991, February 21, 1992, and June 10, 1992 Reports and Recommendations ("Reports").[1] For reasons stated below, the court rejects both the June 14, 1991 and the February 21, 1992 Reports and accepts the Magistrate Judge's June 10, 1992 Report. The court denies Mid–American Growers, Inc.'s ("Mid–American") motions to dismiss the parties named in the June 14, 1991 and February 21, 1992 Reports and denies plaintiffs' motion for Rule 11 sanctions. The court recommits the matter to the Magistrate Judge for further proceedings.

## BACKGROUND

This litigation arises from a dispute over overtime wages a class of past and present hourly workers at a Mid–American greenhouse claim they are entitled under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Harold Adkins filed the action as a representative suit under section 216(b) of FLSA, notices were sent to potential plaintiffs, and a number of parties have opted in the suit by filing consent

---

1. As discussed below, the court treats the plaintiffs' motion for reinstatement, discussed in the June 10, 1992 Report, as an objection to the earlier Reports.

forms. Pursuant to 28 U.S.C. § 636(b)(1), the court referred all pretrial matters to the magistrate judge.

Because the class members are often difficult to locate and some appear to be disinterested in the suit, the discovery has been complicated. The Magistrate Judge has issued various orders and submitted various recommendations throughout this nearly four-year-old case. The Magistrate Judge issued orders allowing individualized discovery, none of which were appealed. The Magistrate Judge submitted two reports, one dated June 14, 1991 (attached as Exhibit A) and one dated February 21, 1992 (attached as Exhibit B), each recommending the dismissal of various party plaintiffs for their failure to respond to discovery requests. No objections were filed to these two recommendations and this court has not entered an order ruling on the two recommendations.

On the other hand, this court modified a January 24, 1992 Report after objections were filed. The court held, in a March 1, 1992 order, that discovery sanctions were not appropriate under the circumstances. In reaching this conclusion the court determined *de novo* that the parties should not have conducted discovery on an individualized basis and determined that "class-wide discovery was more appropriate." *Adkins v. Mid–America Growers, Inc.,* 141 F.R.D. 466, 468 (N.D.Ill.1992).

On June 10, 1992, the Magistrate Judge issued a seven page Report (attached as Exhibit C) recommending that the court deny plaintiffs' motion for Rule 11 sanctions. In this report, the Magistrate Judge also concluded from the March 1 order that this court had a different view as to the direction of the litigation. As a result, instead of ruling on plaintiffs' motion for reinstatement, the Magistrate Judge allowed plaintiffs to file a year later objections to the June 14, 1991 Report and four months later objections to the February 21, 1992 Report, each recommending dismissal of some sixty-six party plaintiffs, although the objections are technically untimely. The court will address each issue in turn.

## DISCUSSION

Regarding the June 14, 1991 and February 21, 1992 recommendations, this court is reluctant to revisit the Magistrate Judge's dismissal of the various parties for failure to reply to discovery requests because plaintiffs failed to contest the motions to dismiss or object to the recommendations. Nonetheless, the court is concerned with the harsh result ensuing from the recommended dismissal.

More importantly, however, this court has not ruled on the Magistrate Judge's recommendation. A magistrate judge cannot order the dismissal of parties; he or she merely recommends dismissal after considering the motion and the district court retains final authority over the dispositive motion. *Delgado v. Bowen,* 782 F.2d 79 (7th Cir.1986). But unless objections are filed to a magistrate judge's recommendation, the district court may be unaware of the necessity of acting on the recommendation. *See Associates Fin. Servs. v. Mercantile Mortgage Co.,* 727 F.Supp. 371, 376 (N.D.Ill.1989) (discussing result where parties fail to object to or move to implement a magistrate judge's recommendation). In any event, the court must address the earlier Reports despite the failure to object.

Normally, upon the submission of a report and recommendation on a motion for discovery sanctions, the district judge shall make a *de novo* determination upon the record and may accept, reject or modify the recommended decision. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); Local Rule 1.70c.1(c). A *de novo* determination is mandatory if any party files an objection to a recommendation on a dispositive motion. *Delgado,* 782 F.2d at 82. Even without a timely objection, the district court has the power to make a *de novo* determination. *Id.* In light of the unusual posture of the case, and because the Magistrate Judge has allowed plaintiffs to raise untimely objections to the previous Reports, this court will make a *de novo* determination.

Mid–American served written interrogatories on each of the individual party plain-

tiffs to this action. The Magistrate Judge subsequently recommended the dismissal of forty plaintiffs when they failed to respond to the interrogatories. Mid–American later sought to depose all of the plaintiffs in the case. The Magistrate Judge, having found that twenty-six of the plaintiffs failed to present themselves, recommended their dismissal.

■ The court finds that dismissal is an inappropriate sanction. In the absence of a "clear record of delay or contumacious conduct," a court should resort to dismissal as a sanction only "when other less drastic sanctions have proven unavailing," or where the failure to comply is wilful. *Powers v. Chicago Transit Authority*, 890 F.2d 1355, 1362 (7th Cir.1989). *See also Diehl v. H.J. Heinz Co.*, 901 F.2d 73, 74–75 (7th Cir.1990) (unexcused failure to comply with discovery on an agreed timetable is wilful and justifies dismissal). Dismissal is generally seen as the sanction of last resort or for extreme circumstances. *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1354 (11th Cir.1982), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3538, 77 L.Ed.2d 1388 (1983). Here, there is no clear record of delay or contumacious conduct. Instead, the least severe sanction adequate to achieve the purpose of the sanction is more appropriate.

Further, the court finds that Mid–American will not be prejudiced by the continuation of these parties in the case, whereas the plaintiffs would be irreparably prejudiced by the dismissal of their claims. Mid–American has received written and oral discovery from more than 80 of the 147 original plaintiffs. Mid–American may utilize testimony from its supervisors and managers to establish the various duties of the different job classifications and the average handling of nonexempt goods which may have been encountered. There is little factual dispute over the duties individual plaintiffs performed and the parties can stipulate to facts concerning duties and products.

■ Moreover, dismissal is inappropriate because conducting discovery on an individualized basis under the circumstances is improper. Mid–American is entitled to discovery concerning the type of work a plaintiff performed while he or she was working overtime and the type of goods he or she handled in order to fulfil its burden of establishing that wages for work on any given week are exempt from the FLSA. *See* 29 C.F.R. §§ 780.2 and 780.10. That Mid–American may possess the sought after information is not a reason in itself to prohibit individualized discovery requests. *See Mitchell v. Savini*, 25 F.R.D. 275, 276 (D.Mass.1960) (in action Secretary of Labor brought on behalf of eleven employees, fact that some information sought is contained in the defendant's records not controlling").

■ Nonetheless, despite the differences between Rule 23 class actions and representative suits under the FLSA, individualized discovery is not appropriate under every circumstance. Evidence concerning *each* individual plaintiff's job duties and responsibilities on a week-by-week and product-by-product basis is not essential. Because the court has already determined the plaintiffs are "similarly situated," individual depositions and interrogatories are not appropriate. *Cf. Brooks v. Farm Fresh, Inc.*, 759 F.Supp. 1185, 1187–88 (E.D.Va.1991) (court had allowed individualized discovery until the record was sufficiently developed for the determination of whether the plaintiffs were "similarly situated"). Individualized discovery is just too onerous. The plaintiffs should be deposed on a representative basis by job category. Although interrogatories may be served on a broader scale, they too should be served generally on a representative basis.

Accordingly, the court rejects the recommendations, denies Mid–American's motions to dismiss the parties named in the June 14, 1991 and February 21, 1992 Reports, and orders their reinstatement to the extent the parties have complied with the Magistrate Judge's recommendation. The court, however, recommits the matter to the Magistrate Judge with the following provisos:

Although the individualized discovery requests were improper, the court feels that sanctions are still in order. The dismissed

parties made no response to the requests which had the approval of the Magistrate Judge through court orders. Nonetheless, the sanction appropriate under the unusual circumstances of this case is better determined by the Magistrate Judge.

Regarding further discovery, the court does not want to burden the Magistrate Judge with the formidable task of detective work,[2] but the Magistrate Judge should be careful to keep in mind the special nature of the plaintiffs and circumstances of the case. The plaintiffs certainly have scant recollection of all of the specific information which Mid–American requests and the plaintiffs are difficult to locate. Also, the burden of discovery itself should ultimately rest on the parties and should be conducted through the parties' good faith effort in unweaving the multifarious evidentiary threads.

Accordingly, the Magistrate Judge may impose an appropriate sanction after considering the unique and important interests in this representative suit. As noted above, dismissal is not an appropriate sanction. Ultimately, the Magistrate Judge is free to choose in her discretion an appropriate sanction.

The court next turns to plaintiffs' motion for Rule 11 sanctions, which the Magistrate Judge recommended this court deny. Plaintiffs center the Rule 11 controversy around Mid–American's alleged misrepresentations of fact and law, alleged mischaracterization of deposition testimony, and what plaintiffs call a "frivolous" motion for reconsideration.

■■■ A magistrate judge possesses authority to enter orders involving nondispositive motions which the district judge reviews under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Dispositive motions, on the other hand, are excepted under subsection (b)(1)(A) and are thus reviewed *de novo* after a hearing and recommendation by the magistrate judge. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b).[3]

■■ Nonetheless, the correct standard of review upon the submission of a report and recommendation on a motion for Rule 11 sanctions is unsettled. Some district courts have treated Rule 11 motions as dispositive. *See, e.g., Borowski v. DePuy, Inc.,* 850 F.2d 297, 304 (7th Cir.1988) (affirmed Rule 11 sanctions entered after dis-

---

**2.** One view of the role assumed by a judge or magistrate judge over discovery disputes has been expressed by two commentators who have compared the role to that of a kindergarten teacher. *See* Jerold S. Solovy and Robert L. Byman, *Hardball Discovery,* Litig., Fall 1988, at 11 ("judges and magistrates have the same enthusiasm for mediating discovery spats that kindergarten teachers have for deciding whose crayon is whose").

**3.** Neither of the statutory subsections use the terms "dispositive" or "nondispositive." Subsection 636(b)(1)(A) reads in pertinent part:

> (b)(1) Notwithstanding any provision of law to the contrary—
> (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, *except a motion for injunctive relief, for judgment on the pleadings, for summary judgment ... to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.*

28 U.S.C. § 636(b)(1)(A). Rule 72(a) states that "[a] magistrate to whom a pretrial matter *not dispositive* of a claim or defense of a party is

referred ... shall promptly conduct such proceedings as are required and ... enter into the record a written order...." Fed.R.Civ.P. 72(a). Only subsection 636(b)(1)(A) provides authority for the magistrate judges to enter an order on, i.e. "determine," a pretrial matter. On the other hand, 28 U.S.C. § 636(b)(1)(B) provides that, for the motions "excepted in subparagraph (A)," the magistrate judge may "conduct hearings" and must "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of those motions. Rule 72(b) provides that a magistrate judge assigned to hear matters *"dispositive* of a claim or defense of a party" shall "enter into the record a recommendation for disposition of the matter...." Fed. R.Civ.P. 72(b). Thus, it is subsection 636(b)(1)(B) which provides the authority for the magistrate judges to submit a report and recommendation. In reading subsections 636(b)(1)(A) and (B) together and consistent with Rule 72, which parallels the statute, it seems the term "dispositive" in Rule 72(b) generally refers to the exempted motions listed in subsection 636(b)(1)(A). *See also* Fed.R.Civ.P. 72 *Notes of Advisory Committee on Rules* (stating that Rule 72 addresses and implements the statutory requirements).

trict judge's *de novo* review; court did not discuss the propriety of this standard); *Ophir v. Goldstein,* No. 86 Civ. 2963 (WK), 1991 WL 82038, 1991 U.S. Dist. LEXIS 141 (S.D.N.Y. Jan. 9, 1991) (adopting magistrate judge's recommendation for Rule 11 sanctions after *de novo* review); *see also Lancellotti v. Fay,* 909 F.2d 15, 17 n. 2 (1st Cir.1990) (all parties acceded to *de novo* review; court would not confront the issue). On the other hand, the Ninth Circuit determined that Rule 11 motions are "nondispositive" and fall under the deferential "clearly erroneous" standard of review. *Maisonville v. F2 America, Inc.,* 902 F.2d 746, 747–48 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 674, 112 L.Ed.2d 666 (1991); *accord La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.,* No. 86 C 2647, 1992 WL 58760 at *1, 1992 U.S. Dist. LEXIS 2802 at *1–2 (N.D.Ill. Mar. 12, 1992).

The court agrees that the "clearly erroneous or contrary to law" standard is correct. Rule 11 motions are heard by magistrate judges pursuant to the authority of 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). Sanctions under Rule 11 are technically not dispositive of a claim or party. A Rule 11 motion may be dispositive of some issues in the sense that imposing sanctions on the basis of misrepresented facts or law would in effect be a finding or ruling on these issues. *See* Report, Exhibit C, 143 F.R.D. at 180. Nevertheless, that is not the sense in which "dispositive" is used in Rule 72. "Dispositive" is merely a term used to describe the motions listed in subsection 636(b)(1)(A), each of which addresses the merits of the parties' claims as opposed to issues collateral to the merits (e.g., discovery requests, protective orders, or other procedural orders). The terms "dispositive" or "nondispositive" in Rule 72 do not create categories separate from the statute which Rule 72 implements. Furthermore, subsection 636(b)(1)(A) does not include Rule 11 motions in its exhaustive list of "dispositive" motions. *See* 28 U.S.C. § 636(b)(1)(A). Last, Local Rule 1.70c.1, which lists dispositive pretrial matters on which magistrate judges are authorized to make recommendations, does not include Rule 11 sanctions. Accordingly, the Rule 11 motion is nondispositive and plaintiffs' objection to that part of the Report is governed by a "clearly erroneous or contrary to law" standard of review.

The court has completely reviewed the Report and arguments of counsel. The court finds that the Magistrate Judge's recommendation is supported by the record. Rule 11 requires an attorney or party to sign all papers filed before this court. Fed. R.Civ.P. 11. The signature acts as a certificate that the pleadings, to the best of the attorney's knowledge, are "well grounded in fact and warranted by existing law or a good faith argument for extension, modification, or reversal of existing law," and that the attorney did not file the pleading "for any improper purpose." *Id.*

The Magistrate Judge's determination that Mid–American's legal and factual allegations are not sanctionable, that Mid–American's characterization of deposition testimony was not factually baseless so as to trigger Rule 11 sanctions, and that the motion for reconsideration was not frivolous is far from clearly erroneous or contrary to law. Plaintiffs failed to meet their burden in seeking to have the recommendation overturned.

Accordingly, plaintiffs' objections to the June 10, 1992 Report are rejected. The Court adopts and incorporates Magistrate Judge Gottschall's June 10, 1992 Report and Recommendation and the holdings contained therein pursuant to 28 U.S.C. § 636(b)(1).

### CONCLUSION

The court rejects the June 14, 1991 and the February 21, 1992 Reports and accepts the recommendation contained in the Magistrate Judge's June 10, 1992 Report for the reasons stated above. The court denies Mid–American's motions to dismiss the parties named in the June 14, 1991 and February 21, 1992 Reports, orders their reinstatement to the extent the parties have complied with the Magistrate Judge's recommendation, recommits the matter for the determination of a more appropriate discov-

ery sanction, and denies the plaintiffs motion for Rule 11 sanctions.

IT IS SO ORDERED.

## EXHIBIT A

In The United States District Court

for the Northern District of Illinois

Eastern Division

No. 88 C 0980

HAROLD ADKINS, on behalf of all other plaintiffs similarly situated, known and unknown, Plaintiffs,

v.

MID-AMERICAN GROWERS, INC., a corporation, Defendant.

June 14, 1991.

REPORT AND RECOMMENDATION

GOTTSCHALL, United States Magistrate Judge.

The following persons having failed to respond to Defendant's written Interrogatories and no good cause having been shown for their failure to so respond, it is recommended that the following Party Plaintiffs in this action be dismissed:

Larry Bird
Lisa Bird
Ted Blankenship
James Burger
Michael Casey
Veronica Cendejas
Michelle Colwell
David Durre
Mark Durre
Steve Emery
Shelli Fletcher
Michael Flowers
Robert Flowers
Eric Gunderson
Mario Hernandez
Christopher Hollman
Keith Hungerford
Robert Hunter
Juanita Jenkins
David Jones
Daniel Kelly
Richard Kuster
Charlotte Luscher
Daniel Mahoney
James Maloney
Jack Marsala
Scott Moulton
Amphone Phengkeokaisone
Catarina Rivera
Ron Ruggerio
Andrew Schmitt
Mike Schrader
Dan Simpson
Gary Spancraft
Richard Thompson
Jennifer Tieman
John Tyson
Robert Wever
David Winn
Robert Wolfe

It is further recommended that, in the event that any of these individuals demonstrate good cause for their failure to respond to Defendant's written Interrogatories, the Court should reinstate the claims of these individuals. Such Motion for Reinstatement must be made before July 25, 1991, after which date their claims shall be dismissed with prejudice and permanently foreclosed.

## EXHIBIT B

In The United States District Court

for the Northern District of Illinois

Eastern Division

No. 88 C 0980

HAROLD ADKINS, on behalf of all other plaintiffs similarly situated, known and unknown, Plaintiffs,

v.

MID–AMERICAN GROWERS, INC., a corporation, Defendant.

Feb. 24, 1992.

REPORT AND RECOMMENDATION

GOTTSCHALL, United States Magistrate Judge.

The following persons, having failed to present themselves for deposition by De-

fendant as ordered by this Court on September 6, 1991, and having failed to show good cause for the failure to so present themselves, it is recommended that the following Party Plaintiffs have their claims dismissed pursuant to Fed.R.Civ.P. 37(b) and 41(b):

1. Janice Baker
2. Robert Bland
3. Carol Catalenello
4. Jaime Cendejas
5. Holly Coble
6. Gregory Davis
7. Othello Davis
8. Juan Espinoza
9. Paul File
10. Derek Flowers
11. Daniel Gilsdorf
12. William Jaegle
13. Lori Kane
14. Amy Manning
15. Pansy Marsala
16. Todd Schlesinger
17. Kathleen Schmidt
18. Robert Shan (listed as Robert Shaw)
19. Tanya Simpson
20. Jerry Strader
21. Jose Vizcarra
22. Mary Ann Watson
23. Patricia Watson
24. Samantha Watson
25. Ronald Wiesbrock
26. Bryon Eutis

The failure of these twenty-six (26) Plaintiffs to present themselves for deposition constitutes a failure to prosecute this action and unfairly prejudices Defendant's ability to defend itself in this litigation. As such, dismissal is an appropriate sanction under Fed.R.Civ.P. 37(b) and 41(b). See *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999 (7th Cir.1971) (affirming

1. Hereafter, all references to the Federal Code

dismissal of claims of Rule 23 class plaintiffs for failing to respond to discovery).

Dated: Feb. 21, 1992

## EXHIBIT C

United States District Court

Northern District of Illinois

Eastern Division

No. 88 C 980

HAROLD ADKINS, on behalf of all other plaintiffs similarly situated, known and unknown, Plaintiffs,

v.

MID–AMERICAN GROWERS, INC., a corporation, Defendant.

## REPORT AND RECOMMENDATION

GOTTSCHALL, United States Magistrate Judge.

TO THE HONORABLE CHARLES R. NORGLE SR., one of the Judges of the United States District Court for the Northern District of Illinois.

This matter is before the court on plaintiffs' motion to reinstate previously dismissed parties plaintiff and their motion for sanctions under Fed.R.Civ.P. 11.[1] This report addresses each motion in turn.

## MOTION TO REINSTATE PREVIOUSLY DISMISSED PARTIES PLAINTIFF

This action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* is a representative suit under 29 U.S.C. § 216(b). It is not a true class action under Rule 23, the essential difference stemming from the fact that class members must affirmatively consent to inclusion in the class. In contrast, class members in an action under Rule 23 must expressly request exclusion to avoid inclusion in the class. *See* 6 Empl.Coordinator (Research Inst.Am.) ¶ 28,070. *See also Aguirre v. Bustos*, 89 F.R.D. 645, 647 n. 2 (D.N.M. 1981). There is also authority to the effect that employees may not seek treatment under Rule 23 for any portion of their complaint seeking damages for FLSA viola-

of Civil Procedure use the term "Rule."

tions. *King v. Carey*, 405 F.Supp. 41, 44 (W.D.N.Y.1975). Numerous decisions allow discovery from FLSA class members of information that is relevant and not privileged. *See* 6 Empl.Coordinator (Research Inst.Am.) ¶ 28,401 *et seq.*

Relying on the above principles, and after attempting representative discovery without much success, this court issued orders allowing defendants to depose and serve discovery requests on the individual parties plaintiff. Upon some of these plaintiffs' failure to respond, defendant moved to dismiss those plaintiffs' claims. Because the court had previously ruled that this discovery was appropriate, plaintiffs appropriately declined to contest the motions to dismiss, and this court issued a June 14, 1991 recommendation that the claims of 40 party plaintiffs be dismissed and a February 21, 1992 recommendation concerning 26 parties' claims. Plaintiffs failed to file objections to either report and recommendation, technically waiving their right to appeal. Judge Norgle has not ruled on either recommendation.

The present motion comes as a result of Judge Norgle's March 16, 1992 order modifying this court's recommendation that sanctions be imposed against plaintiffs' counsel. Judge Norgle set aside this court's order sanctioning plaintiffs' counsel for failing to transmit a request to produce to individual plaintiffs for a number of reasons, among them that he felt that this kind of individualized discovery was inappropriate in this case.

Plaintiffs argue that the previous orders of dismissal are inconsistent with Judge Norgle's March 16 order. Plaintiffs predict that Judge Norgle will try the case on the basis of representative evidence and testimony, and they contend that defendants will suffer no prejudice if discovery of reinstated plaintiffs is not allowed. Problematically, there are several matters which plaintiffs' briefs do not address: (1) the fact that plaintiffs did not object to this court's earlier rulings regarding dismissal,

and (2) the question of whether this court erred in concluding that principles in cases under Rule 23 do not govern discovery here.[2] Plaintiff has failed to cite any standards governing the reinstatement of plaintiffs in analogous circumstances.

It is well-established that motions for reconsideration serve a limited function. *Conway Corp. v. Ahlemeyer*, 754 F.Supp. 604, 606 (N.D.Ill.1991). In order to prevail on such a motion, the movant must clearly establish either a manifest error of law or fact or present newly-discovered evidence. *Dresser Industries, Inc. v. Pyrrhus AG*, 936 F.2d 921, 936 (7th Cir.1991). Applying those principles here, this court finds it inappropriate to disturb its earlier orders without clearer guidance from Judge Norgle.

This court agrees with plaintiffs, however, that Judge Norgle's March 16 order suggests that he might well be inclined to reach a different conclusion on the dismissal issue. Accordingly, this court will extend for ten days, to and including June 20, 1992, plaintiffs' time to file objections to the orders recommending dismissal of June 14, 1991, and February 21, 1992.

## PLAINTIFFS' MOTION FOR SANCTIONS UNDER RULE 11

Plaintiffs have moved for sanctions under Rule 11. The three sections of their motion correspond to allegations that defendant has misrepresented facts concerning its operations, mischaracterized deposition testimony, and filed a frivolous motion for reconsideration of Judge Norgle's order of March 16, 1992. This report addresses in turn each set of allegations.

### A. *Alleged misrepresentation of relevant facts and law*

The central question in this action is whether plaintiffs were employed in "agriculture" within the meaning of the FLSA. 29 U.S.C. § 213(b)(12). In support of the proposition that defendant is not entitled to claim the benefit of the agricultural exemp-

---

**2.** Defendant asked Judge Norgle to reconsider his decision on the basis that this action is not a class action under Rule 23. That motion was denied.

tion under the FLSA, plaintiffs contend, among other things, that defendant sells "hard goods" and horticultural products on which it performs no significant horticultural services. Some of the legal support for plaintiffs' arguments comes from government agency statements concerning the proper interpretation of the FLSA.

Defendant's position in this lawsuit is that all plaintiffs' work activities were exempt under the FLSA. As part of their argument, they contend that the administrative statements on which plaintiffs rely lack the force of law. Although not addressing plaintiffs' allegations that workers performed personal services for its president, defendant points to alternative conclusions that can be drawn from plaintiffs' deposition testimony on the other issues. Drawing inferences from the record in favor of defendant, its theory of the case is not frivolous.

This court has reviewed the evidentiary materials submitted on this and other motions. While not expressing any opinion on the merits of defendant's case, the court does not find defendant's legal and factual allegations to be sanctionable under Rule 11. Indeed, the court has at all times recognized defendant's contentions as what they are—argument submitted with the hope that the court will accept defendant's view of the case.

There has been no determination of the legal and factual issues in this case. That ruling will come on summary judgment or at trial. Were this court to impose sanctions on the basis requested by plaintiffs, it would in effect be ruling on these issues. Sanctions on the basis of "misrepresented" facts or law are therefore inappropriate.

### B. *Alleged mischaracterization of deposition testimony*

Defendant has in its pleadings described deposition testimony in a manner favoring its theory of the case. In so doing, it has at various points omitted comments disfavoring that theory. Litigants do this with some regularity. Although courts do not look with favor on this practice, they are not misled if the underlying testimony itself is available. Where, as here, the court has been provided with a sufficient record to evaluate defendant's allegations concerning the evidence, it does not find that defendant's statements lack the basis in fact which might call for Rule 11 sanctions.

### C. *Motion for reconsideration*

In this portion of their motion for sanctions, plaintiffs note Judge Norgle's April 9, 1992 statement that defendant's motion for reconsideration sought "to do exactly what the rules and caselaw governing reconsideration prohibit." At the same time, Judge Norgle did not impose sanctions sua sponte, as he might have. *See* Fed. R.Civ.P. 11.

In its motion for reconsideration, defendant argued that discovery of individual plaintiffs was appropriate, since this action is not governed by Rule 23. While Judge Norgle's denial of reconsideration suggests that he considered and rejected that argument, his memorandum of March 16, 1992, does not explicitly address this question. Accordingly, this court does not find the motion for reconsideration frivolous.

Having considered plaintiffs' three arguments under Rule 11, this court recommends that sanctions be denied.

### CONCLUSION

For the reasons set forth above, this court recommends that plaintiffs' motion for sanctions be denied. As set forth herein, in view of Judge Norgle's March 16 order, the court gives plaintiffs additional time to object to this court's previous orders of dismissal.

Counsel are given ten days from the date hereof to file objections to this Report and Recommendation with the Honorable Charles R. Norgle Sr. Failure to object constitutes waiver of the right to appeal.

DATED: June 10, 1992