**VAQUILLAS RANCH COMPANY, LTD., J.O. Walker, Jr., Gene S. Walker, Evan B. Quiros, and E. Walker Quiros, a/k/a Mary Elizabeth Walker Quiros, Plaintiffs,**

v.

**TEXACO EXPLORATION AND PRODUCTION, INC., and Four Star Oil & Gas Company, Defendants,**

v.

**TRANSCONTINENTAL GAS PIPE LINE CORPORATION, and Transco Gas Supply Company, Third–Party Defendants.**

CIVIL CAUSE No. L–93–030.

United States District Court,
S.D. Texas,
Brownsville Division.

Feb. 28, 1994.

Timothy E. Gehl, Michael B. Silva, Scott, Douglass & Luton, Houston, TX, George J. Person, Laredo, TX, for plaintiffs.

Charles C. Murray, McAllen, TX, Craig A. Haynes, Thompson & Knight, Dallas, TX, Ricardo Daniel Palacios, Laredo, TX, William T. Hankinson, Thompson & Knight, Dallas, TX, for defendants Texaco Exploration and Production, Inc., and Four Star Oil & Gas Co.

Jeffrey K. Smith, New Orleans, LA, for defendant Four Star Oil & Gas Co.

Timothy J. Herman, Brown McCarroll & Oaks Hartline, Austin, TX, for third-party defendants Transcontinental Gas Pipe Line Corp. and Transco Gas Supply Co.

Gaye L. Rothman, Brown McCarroll & Oaks Hartline, Austin, TX, for third-party defendant Transcontinental Gas Pipe Line Corp.

## MEMORANDUM AND ORDER

VELA, District Judge.

Pending before the Court are Plaintiffs' Motion for Redesignation of Memorandum and Order Denying Remand, and Plaintiffs' Motion for Reconsideration of, and Objections to, Memorandum and Order Denying Plaintiffs' Motion to Remand. The issues presented in this case are (1) whether Plaintiffs' motions are timely; (2) whether a motion to remand is dispositive or nondispositive under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), and determination of the appropriate standard of review based on that finding; and, (3) application of the appropriate standard of review to this Court's reconsideration of the Magistrate Judge's Memorandum and Order denying Plaintiffs' Motion to Remand.

### Factual and Procedural Background

Plaintiffs filed this case in December, 1992 in Webb County, Texas to recover royalties they claim are owed to them by Defendants. The case was removed by Defendants to United States District Court in Laredo on March 3, 1993 based on diversity. A Motion to Remand was timely filed by Plaintiffs on April 2, 1993. On April 16, 1993, U.S. District Judge George P. Kazen recused himself and the case was transferred to this Court. The case was assigned to United States Magistrate Judge John Wm. Black pursuant to 28 U.S.C. § 636(b)(1)(A). In a Memorandum and Order dated September 27, 1993, Judge Black denied Plaintiffs' Motion to Remand, finding that Defendant Texaco Exploration and Production, Inc. was fraudulently joined to defeat diversity. On October 18, 1993, Plaintiffs filed the two motions now under consideration.

## Motion for Redesignation

In their Motion for Redesignation, Plaintiffs assert that a United States Magistrate Judge lacks the statutory authority to deny a motion for remand. (Plaintiffs' Motion for Redesignation, p. 2, ¶ 2). Accordingly, Plaintiffs request that the Memorandum and Order denying remand be redesignated as "Findings of Fact and Recommendations" and reviewed *de novo* by this Court.[1] Plaintiffs cite *Long v. Lockheed Missiles & Space Co.*, 783 F.Supp. 249, 250 (D.S.C.1992) and *Giangola v. Walt Disney World Co.*, 753 F.Supp. 148, 152 (D.N.J.1990) in support of their position.

Defendants respond that the Motion for Redesignation "should be denied because it is contrary to the rules of procedure, the governing statute, and the case law interpreting the rules and the statute." (Defendants' Response, page 1, ¶ 1). Defendants assert that the Magistrate Judge's Memorandum and Order "does not dispose of any claims or defenses" within the meaning of Rule 72 of the Federal Rules of Civil Procedure, nor is it included in the list of motions subject to *de novo* review by the district court under 28 U.S.C. § 636(b)(1). The Defendants also cite several cases for the proposition that a motion to remand is not a dispositive motion for purposes of § 636 or Rule 72, and thus a district court's review of a magistrate judge's remand ruling is limited to the standard of clearly erroneous or contrary to law. Defendants characterize Plaintiffs' supporting cases as aberrant, not controlling, and against the great weight of authority. Finally, Defendants assert that Plaintiffs' Motions are untimely and thus cannot be considered.

The Plaintiffs reply that the listing found in § 636(b)(1)(A) is neither exhaustive nor mandatory. Plaintiffs assert further that though there are cases holding against their position, the Fifth Circuit has not resolved the issue; Plaintiffs then go on to cite an unpublished opinion by former Chief Judge DeAnda of the Southern District of Texas stating that "a motion to remand is dispositive and demands the full attention of an Article III Judge." (Plaintiffs' Reply to Defendants' Response, page 3, ¶ 3 (citing to *Houston Petroleum Co. v. Graham Royalty, Ltd.*, No. CA–G–90–0085 (S.D.Tex. August 20, 1990)). Plaintiffs' also contest the assertion that their Motions were untimely. The Court will dispose of the timeliness issue first.

### *Timeliness*

■ Defendants' assertion in paragraph six of their Response that Plaintiffs' objections were untimely ignores Rule 6 of the Federal Rules of Civil Procedure. This rule sets out the method for computing time periods such as the ten day period for objecting to a magistrate judge's orders or recommendations contained in Rules 72(a) and (b) and in 28 U.S.C. § 636(b)(1).

Rule 72(a) and (b), as well as § 636(b)(1), provide that a party has ten days after being served with a copy of the magistrate judge's order to make objections.[2] Service by mail is complete upon mailing under Federal Rule of Civil Procedure 5(b).

Plaintiffs are given three additional days for service by mail under Rule 6(e).[3] Under

---

1. The Court notes that the Brownsville Division of the Southern District of Texas designates magistrate recommendations pursuant to 28 U.S.C. § 636(b)(1) as "Report and Recommendation" or "Magistrate Judge's Report and Recommendation."

2. Rule 72(a) of the Federal Rules of Civil Procedure provides, in pertinent part:
   > Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order. Fed.R.Civ.P. 72(a) (1993 Supp.).

   Rule 72(b) of the Federal Rules of Civil Procedure provides, in pertinent part:
   > Within 10 days after being served with a copy of the recommended disposition, a party may

   serve and file specific, written objections to the proposed findings and recommendations. Fed.R.Civ.P. 72(b) (1993 Supp.).

   Also, 28 U.S.C. § 636(b)(1) provides:
   > Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. 28 U.S.C. § 636(b)(1).

3. Rule 6(e) of the Federal Rules of Civil Procedure states:
   > Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the

Rule 6(a),[4] Plaintiffs are also credited with weekends and holidays because the prescribed time period is less than eleven days. Also pursuant to Rule 6(a), "the day of the act ... from which the designated period of time begins to run shall not be included," and the last day "shall be computed, unless it is a Saturday, a Sunday, or a legal holiday...."

■ Questions have arisen in other cases as to whether the three days provided for mailing are to be added to the prescribed period, here ten days, in order to determine if the eleven day limit for application of Rule 6(a)'s weekend and holiday exclusions are applicable. The Court concludes that the answer to that question is no.

The Court finds persuasive and adopts the sound reasoning of the court in *Nalty v. Nalty Tree Farm*, 654 F.Supp. 1315 (S.D.Ala. 1987), which held that "the response periods to magistrates' recommendations should be computed by first applying the less-than-eleven day provision of Rule 6(a) to the ten day time period prescribed by Rule 72(b), thereby excluding any intervening Saturdays, Sundays, and legal holidays. The date of service shall be the date on which the Clerk of Court mails out the magistrate's recommendation. [citations omitted] After establishing an initial response date by this method, three additional days should be added pursuant to Rule 6(e). If the final day should fall on a weekend or legal holiday, the objection should be due on the first official business day thereafter." *Nalty*, 654 F.Supp. at 1317–18. This approach was adopted by the Ninth Circuit in *Tushner v. U.S. District Court for the Central District of California*, 829 F.2d 853 (9th Cir.1987). *Accord, National Savings Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218 (S.D.Fla.

1989); *Cardente v. Fleet Bank of Maine, Inc.*, 146 F.R.D. 13, 21 (D.Me.1993); *United States v. Certain Real Property in Waterboro, et al.*, 812 F.Supp. 259, 260 (D.Me. 1991); *Andrew Corp. v. Gabriel Electronics, Inc.*, 735 F.Supp. 24, 26 n. 1 (D.Me.1990).

The Court notes that although the *Nalty* court made its ruling in terms of Rule 72(b), the same reasoning would now apply to Rule 72(a) on nondispositive motions since the wording of that Rule has been changed to match the wording of Rule 72(b) and § 636(b)(1), requiring a response within ten days following service, rather ten days following entry of the order.

■ The question also arises as to whether weekends or holidays are to be counted in the three day extension of time. The Court concludes that the answer to that question is also no. The court in *National Savings* found that they should not, based on a technical reading of the Rules 6(a) and 6(e). *National Savings Bank of Albany*, 127 F.R.D. at 222 n. 7; *see also, Winters v. F.D.I.C.*, 812 F.Supp. 1, 4 (D.Me.1992). This does not alter the holding in *Nalty*, however, that if the final day of the three day period is a weekend or holiday, the period should be extended to the next business day. This Court adopts the combined approach of *Nalty* and *National Savings* and will not exclude weekends and holidays from the computation of the three day mailing extension of Rule 6(e), but will extend the period to the next official business day if the last day of the three days falls on a weekend or holiday.

The Magistrate Judge's Memorandum and Order was signed on September 27, 1993 and mailed on September 28, 1993, according the file stamp and the Certified Mail Receipt. Under Rule 5(b), service of the Memorandum

notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period. Fed.R.Civ.P. 6(e).

4. Rule 6(a) of the Federal Rules of Civil Procedure provides:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be

included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall· be excluded in the computation.... Fed.R.Civ.P. 6(a).

and Order was complete on September 28, 1993 and that day is therefore excluded from the computation of time under Rule 6(a). The first day computed is Wednesday, September 29, 1993. September 30, 1993 and October 1, 1993 are days two and three, respectively. October 2 and 3, 1993 are a weekend. Monday, October 4, 1993 to Friday, October 8, 1993 are days four through eight. October 9 and 10, 1993 are a weekend and Monday, October 11, 1993 is Columbus Day, a legal holiday. Tuesday, October 12, 1993 and Wednesday, October 13, 1993 are days nine and ten. Plaintiffs then have three additional days for mailing under Rule 6(e). Thursday, October 14, 1993 and Friday, October 15, 1993 are days one and two of that additional time. Day three falls on Saturday, October 16, 1993, so Monday, October 18, 1993, the next business day, is the day that Plaintiffs' objections were due. It is clear then, that although Plaintiffs took full advantage of every extension of time available to them, their Motions were timely.

### Nature of Motion to Remand

■ The next issue to be decided is the proper standard of review to be applied to this Court's consideration of the Magistrate Judge's Memorandum and Order of September 27, 1993. In order to decide this question, the Court must first determine whether a motion to remand is a "dispositive" or "nondispositive" motion within the meaning of Rules 72(a) and 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).

■ Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide nondispositive motions. If a party wishes to object to a magistrate judge's order, he may do so within ten days and the district court will review the magistrate judge's order under a clearly erroneous or contrary to law standard.[5] Rule 72(b) provides that a magistrate judge can make only recommendations as to dispositive motions and that the district judge, upon a *de novo* review, makes the final decision.[6]

Neither Rule 72(a) nor 72(b) defines the term "dispositive" beyond stating that a magistrate judge may issue an *order* in a case "not dispositive of a claim or defense of a party" and that he may issue only a *recommendation* in a case "dispositive of a claim or defense of a party...." Some courts have attempted to define "dispositive" in terms of the language contained in Rule 72. Speaking of Rule 11 sanctions, the *Robinson* court said that "such a determination ought not be considered 'dispositive' within the meaning of § 636(b)(1)(A) and Fed.R.Civ.P. 72, because such a ruling does not dispose of a party's 'claim or defense.' Congress clearly has not chosen to categorize as 'dispositive' any ruling that resolves an issue. Rather, it is only those rulings which finally resolve a party's 'claim or defense' which are considered 'dispositive' within the meaning of § 636(b) and Fed.R.Civ.P. 72." *Robinson v. Eng*, 148 F.R.D. 635, 640 (D.Neb.1993).

The *Adkins* court states that " '[d]ispositive' is merely a term used to describe the motions ... which [address] the merits of the parties' claims as opposed to issues collateral to the merits (e.g., discovery requests, pro-

---

5. Rule 72(a) of the Federal Rules of Civil Procedure, entitled "Nondispositive Matters," states, in pertinent part:

   A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall ... when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order.... The district judge ... shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

6. Rule 72(b) of the Federal Rules of Civil Procedure, entitled "Dispositive Motions and Prisoner Petitions," states, in pertinent part:

   A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party ... shall enter into the record a recommendation for disposition of the matter.... Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.... The district judge ... shall make a de novo determination upon the record ... of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule....

tective orders or other procedural orders.)" *See, Adkins v. Mid–American Growers, Inc.,* 143 F.R.D. 171, 176 (N.D.Ill.1992). The court in *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb Incorporated,* 734 F.Supp. 1071 (S.D.N.Y.1990), stated that a nondispositive motion is one that "would not resolve the substantive claims for relief alleged in the pleadings." *Litton Industries,* 734 F.Supp. at 1080.

Some courts have also attempted to define "dispositive" in terms of § 636(b)(1)(A). Section 636(b)(1)(A) contains a list of eight motions that a magistrate judge may not determine.[7] The terms "dispositive" and "nondispositive" are not used in § 636 to refer to that list, but they are found in the language of Rule 72. Several courts have determined that the word "dispositive" in Rule 72(b) refers to the listing contained in § 636(b)(1)(A). *Robinson,* 148 F.R.D. at 639–40; *Adkins,* 143 F.R.D. at 175 n. 3, 176 (" 'Dispositive' is merely a term used to describe the motions listed in subsection 636(b)(1)(A).... The terms 'dispositive' and 'nondispositive' in Rule 72 do not create categories separate from the statute which Rule 72 implements."); *McDonough v. Blue Cross of Northeastern Pennsylvania,* 131 F.R.D. 467, 472 (W.D.Pa.1990) ("Congress has defined civil dispositive matters as [those listed in § 636(b)(1)(A) ].").

Some courts, when considering whether a particular motion is dispositive or nondispositive, have determined that it is not, at least in part because the motion in question is not listed in § 636(b)(1)(A). *Maisonville v. F2 America, Inc.,* 902 F.2d 746, 748 (9th Cir. 1990). Discussing Rule 11 sanctions, the *Maisonville* court stated that "... any motion not listed [in § 636(b)(1)(A) ] nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine." *Mai-*

*sonville,* 902 F.2d at 748; *accord, Robinson,* 148 F.R.D. at 640 (Rule 11 sanctions); *City of Jackson, Mississippi v. Lakeland Lounge of Jackson, Inc.,* 147 F.R.D. 122, 124 (S.D.Miss.1993) (motion to remand) (cited with approval by *Searcy v. Knostman,* 155 B.R. 699, 702 (S.D.Miss.1993); *Banbury v. Omnitrition International, Inc.,* 818 F.Supp. 276,, 279 (D.Minn.1993) (motion to remand); *Adkins,* 143 F.R.D. at 176 (Rule 11 sanctions); *Holt v. Tonawanda Coke Corporation,* 802 F.Supp. 866, 868 (W.D.N.Y.1991) (motion to remand); *McDonough,* 131 F.R.D. at 472 (motion to remand); *North New Jersey Savings & Loan Association v. Fidelity and Deposit Company of Maryland,* 125 F.R.D. 96, 98 (D.N.J.1988) (motion to remand); *Acme Electric Corporation v. Sigma Instruments, Inc.,* 121 F.R.D. 26, 28 (W.D.N.Y.1988) (motion to join nondiverse defendant); *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C. et al.,* 594 F.Supp. 583, 586 (D.Me.1984) (motion to amend, motion to strike, and motion to remand).

The only case cited by Plaintiffs that contains any analytical support for its position is *Giangola v. Walt Disney World Company,* 753 F.Supp. 148 (D.N.J.1990). In that case, the court held that "no issue is so accurately described as dispositive as a determination which will destroy or uphold the Court's jurisdiction." *Giangola,* 753 F.Supp. at 152. The court recognized, as did the many courts cited above, that § 636(b)(1)(A) does not list a motion to remand as one of the motions a magistrate may not determine, but found that "a remand order is the equivalent of a dismissal. The Magistrate's Order [of remand] thus sought to effect an 'involuntary dismissal' of the action." *Id.* The court in *Long v. Lockheed Missiles and Space Company, Inc.,* 783 F.Supp. 249 (D.S.C.1992) agreed with and followed *Giangola. Long,* 783 F.Supp. at 250.

---

**7.** 28 U.S.C. § 636(b)(1)(A) provides, in relevant part:

Notwithstanding any provision of law to the contrary[,] a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

This Court cannot agree with the reasoning in *Giangola.* A court's determination of a motion to remand does not "destroy or uphold" jurisdiction. *Contra, Giangola,* 753 F.Supp. at 152. Rather, it merely determines the *existence* of federal jurisdiction. Such a determination may incidentally touch on many issues in a case, but it is not within the province of the courts to destroy jurisdiction where it exists or to uphold it where it does not exist. A court reviews the pleadings of the parties and determines whether *the parties* have constructed a case which falls within the jurisdictional boundaries of the federal court, under either its diversity or federal question jurisdiction. If so, the case is properly removed and remand is denied; if not, then the case is properly remanded to state court. In that sense, it is impossible to say that a remand order is the equivalent of a dismissal. *Contra, Giangola,* 753 F.Supp. at 152.

The Court understands, however, how it is possible to come to that conclusion. In its reading of the cases construing this question, the Court has noted that there are cases in which a motion to remand could involve determination of issues that might very well be construed as dispositive, as that term is defined in the cases cited above. In *Long,* for example, the motion to remand was based on preemption. *Long,* 783 F.Supp. at 251. If preemption is found, the court is essentially determining that a state cause of action asserted by a defendant is not valid because it is preempted by federal law. The same can also be said of fraudulent joinder. If a court finds fraudulent joinder, then it is essentially dismissing a claim against a party. However, that is not to say that all motions to remand can be called dispositive of a claim or defense of a party, or even that a motion to remand can be called analogous to any of the clearly dispositive motions listed in § 636(b)(1)(A).

■ This Court finds persuasive the reasoning and analysis of those authorities holding that the term "dispositive" refers to the list of motions that a magistrate judge may not determine found in § 636(b)(1)(A). *Robinson,* 148 F.R.D. at 639–40; *Adkins,* 143 F.R.D. at 175 n. 3; *see,* Judicial Conference of the United States, *The Federal Magistrates System: Report to the Congress by the Judicial Conference of the United States,* 6 (December 1981); *see,* Peter G. McCabe, *The Federal Magistrate Act of 1979,* 16 Harvard Journal on Legislation 343, 354–55 (1979). Building on that foundation, this Court also believes that the listing found in § 636(b)(1)(A) is exhaustive and reflects Congress' intent that only those motions that are listed be construed as dispositive and thus outside the power of a magistrate judge to determine. *Cf., Peretz v. United States,* 501 U.S. 923, ——, 111 S.Ct. 2661, 2667, 115 L.Ed.2d 808 (1991) (Speaking of the additional duties delegable to magistrate judges under § 636(b)(3), the Court said that "[i]f congress had intended strictly to limit these additional duties to functions considered in the committee hearings and debates, presumably it would have included in the statute a bill of particulars rather than a broad residuary clause."). Congress had the opportunity to include in that list any motion which it considered to be dispositive, and it did not include motions to remand.

This interpretation of the list in § 636(b)(1)(A) is consistent with the Supreme Court's history in evaluating the Federal Magistrates Act. *See,* Administrative Office of the United States Courts, *A Constitutional Analysis of Magistrate Judge Authority,* 4–5, 21 (June 1993). The Supreme Court has spoken to the importance of magistrate judges in the federal court system, recognizing "that Congress intended magistrates to play an integral and important role in the federal judicial system. [citation omitted] Our recent decisions have continued to acknowledge the importance Congress placed on the magistrate's role." *Peretz,* 501 U.S. at ——, 111 S.Ct. at 2665.

"The Act is designed to relieve the district courts of certain subordinate duties that often distract the courts from more important matters." *Peretz,* 501 U.S. at ——, 111 S.Ct. at 2668. If too many motions are added to the list of those which a magistrate judge may not determine, the purpose of the magistrate judge system is defeated and they become little more than super briefing clerks, writing recommendations that the dis-

trict court must review *de novo*. The district courts thus are relieved of little if any of their case load and an entire level of the federal judiciary is relieved of its ability to assist in managing that case load. The *Robinson* court points out, correctly, that if magistrate judges were not empowered to decide motions which resolve issues, they "would not have authority to 'hear and determine' much of what dominates their dockets on a daily basis." *Robinson*, 148 F.R.D. at 640 n. 9.

Therefore, this Court holds that it is in keeping with the spirit and the letter of section 636(b)(1)(A) and Rule 72 to allow a magistrate judge to dispose of a motion to remand and for the district judge to review those dispositions under a clearly erroneous or contrary to law standard.

### Motion for Reconsideration

Defendants' Response to Plaintiffs' Motion for Reconsideration of, and Objections to, Order Denying Plaintiffs' Motion to Remand includes another argument that Plaintiff's Motion for Reconsideration is not timely. That Motion was filed on the same day as the Motion for Redesignation discussed *supra,* and the ten-day time limit ran from the same day and was affected by the same rules as laid out above. Therefore, relying on the same analysis, this Court finds Plaintiffs' Motion for Reconsideration to be timely filed.

In view of the finding above that a motion to remand is nondispositive, the standard to be applied under Rule 72(a) and § 636(b)(1)(A) to this Court's review of the magistrate judge's Memorandum and Order denying remand is one of clearly erroneous or contrary to law. Applying that standard, this Court cannot say that the analysis and holding of the Memorandum and Order is either clearly erroneous or contrary to law.

The Court has conducted a *de novo* review of the entire file as well, and concludes that the Magistrate Judge's Memorandum and Order is proper and should be adopted.

IT IS THEREFORE **ORDERED** that Plaintiff's Motion for Redesignation of Memorandum and Order Denying Remand be and is hereby **DENIED.**

IT IS FURTHER **ORDERED** that Plaintiffs' Motion for Reconsideration of, and Objections to, Memorandum and Order Denying Plaintiffs' Motion to Remand be and is hereby **GRANTED** insofar as it requests a review by this Court of the Memorandum and Order under the proper standard.

After a thorough review of the Magistrate Judge's Memorandum and Order, the written arguments of the parties, and the entire file, the Court concludes that the Magistrate Judge's Memorandum and Order issued September 27, 1993 is neither clearly erroneous nor contrary to law. IT IS THEREFORE in all things **AFFIRMED** and **ADOPTED.**

The Clerk of this Court shall send copies of this Order to all parties.

DONE at Brownsville, Texas on this, the twenty-eighth day of February, 1994.