**Larry Daniel STAATZ,
Petitioner-Appellant,**

v.

**Clarence DUPNIK, Respondent-Appellee.**

No. 85–2710.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1986.

Decided May 15, 1986.

As Amended July 2, 1986.

D. Jesse Smith, Tucson, Ariz., for petitioner-appellant.

Richard Nichols, Deputy Co. Atty., Tucson, Ariz., for respondent-appellee.

Before SNEED, ANDERSON, and POOLE, Circuit Judges.

POOLE, Circuit Judge:

Larry Daniel Staatz, an Arizona prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. Staatz contends that the district court erred in finding that he waived his right to double jeopardy protection by filing a petition for post-conviction relief, and in failing to find that Arizona subjected him to double jeopardy through its automatic appeal of his criminal conviction and death sentence. We affirm.

## FACTS

In August 1983, appellant Larry Daniel Staatz was convicted of first degree murder after a jury trial in Pima County Superior Court. On October 13, 1983, the trial court sentenced him to death, and ordered that an automatic appeal be taken pursuant to Rule 26.15 of the Arizona Rules of Criminal Procedure.[1]

On May 25, 1984, appellant filed a petition for post-conviction relief pursuant to Rule 32.1(e) of the Arizona Rules of Criminal Procedure. The petition asserted that Staatz's Sixth Amendment right to be tried by a jury representing a fair cross-section of the community had been violated because a computer error had excluded all potential jurors whose names ended in the letters S through Z. The Pima County Superior Court denied the petition on September 24, 1984.

On September 20, 1984, while the automatic appeal was pending, the Arizona Supreme Court held that a trial court commits reversible error when it fails to instruct the

---

1. "After imposing a sentence of death, the court shall order the clerk to file a notice of appeal from judgment and sentence." 17 Ariz.Rev.Stat. Ann. Rule 26.15 (1973).

jury that the state bears the burden of proof on the issue of self-defense. *State v. Hunter,* 142 Ariz. 88, 688 P.2d 980 (1984). On October 18, 1984, petitioner's attorney filed a petition for post-conviction relief pursuant to Rule 32.1(g) of the Arizona Rules of Criminal Procedure. The petition asserted that the trial court failed to instruct the jury in accordance with *Hunter.* The petition requested that the conviction be set aside and that a new trial be granted pursuant to the petition rather than as an inevitable result of the automatic appeals process. On March 18, 1985, the court granted the petition and a new trial was scheduled for September 24, 1985. The automatic appeal was concomitantly dismissed.

On April 26, 1985, appellant filed a "Motion to Dismiss" his scheduled retrial on double jeopardy grounds. The motion was denied on May 3, 1985. He then filed a Petition for Special Action, over which the Arizona Supreme Court declined to accept jurisdiction.

On July 15, 1985, appellant petitioned the district court under 28 U.S.C. § 2254 for a writ of habeas corpus, asserting that the Fifth Amendment's double jeopardy clause precludes the state from retrying a criminal defendant whose conviction was reversed pursuant to an automatic appeal. On September 6, 1985, the district court denied the petition because (1) the doctrine of double jeopardy should not undermine the integrity of appellate review of death penalty convictions, and (2) the conviction was set aside pursuant to Staatz's own request.

## DISCUSSION

■ When the facts are undisputed, the denial of a habeas corpus petition is reviewed *de novo. Johnson v. Lumpkin,* 769 F.2d 630, 632 (9th Cir.1985).

■ Staatz contends that because he has already been convicted for the murder, to retry him would violate the double jeopardy clause. He asserts that after a conviction is reversed, a retrial is allowed only when a defendant waives the protection of the double jeopardy clause by filing an appeal. He argues that he has not waived his double jeopardy rights because he personally did not participate in his appointed counsel's decision to file the petitions for post-conviction relief. This argument is meritless.

■ The guarantee against double jeopardy protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *United States v. DiFrancesco,* 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980); *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). However, "if the first trial has ended in a conviction, the double jeopardy guarantee 'imposes no limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside.'" *DiFrancesco,* 449 U.S. at 131, 101 S.Ct. at 434 (quoting *North Carolina v. Pearce,* 395 U.S. at 720, 89 S.Ct. at 2078). Since Staatz's conviction was vacated pursuant to the Rule 32.1(g) petition, his retrial does not offend the double jeopardy clause.

■ Staatz argues that his conviction was set aside as the result of his counsel's independent act of filing the Rule 32.1(g) petition and that he should not be bound by that act because he did not specifically authorize it. We disagree. Absent a showing of exceptional circumstances, a defendant is bound by the tactical decisions of counsel. *Reed v. Ross,* 468 U.S. 1, ——, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1 (1984). Staatz's failure to authorize the filing of the Rule 32.1(g) petition is not an exceptional circumstance.

■ Staatz also argues that his double jeopardy right was violated in still another fashion. He argues that because the reversal of his conviction through the mandatory appeal was virtually certain in light of

*Hunter,* his counsel was obligated to file the second petition in order to avoid unnecessary expense and delay. Thus the scheduled retrial was a result, albeit an indirect one, of the mandatory appeal process, which, Staatz asserts, itself violates the double jeopardy guarantee.

This argument is frivolous. Neither Staatz nor his counsel was obligated to file the second petition. Moreover, the retrial was granted pursuant to the petition, not as a result of the mandatory appeal process. Accordingly, we need not reach appellant's contention that Arizona's mandatory appeals process violates the double jeopardy guarantee.

The district court's denial of appellant's petition for a writ of habeas corpus is

AFFIRMED.