**ANDREW CORPORATION, Plaintiff,**

v.

**GABRIEL ELECTRONICS, INC., Defendant.**

Civ. No. 83–0372–P.

United States District Court, D. Maine.

April 16, 1990.

John M.R. Paterson, Bernstein, Shur, Sawyer & Nelson, Portland, Me., and Stephen G. Rudisill, Arnold, White & Durkee, Chicago, Ill., for plaintiff.

John H. Rich, Perkins, Thompson, Hinckley & Keddy, Portland, Me., and Charles E. Pfund, Wolf, Greenfield & Sacks, P.C., Boston, Mass., for defendant.

ORDER ON PLAINTIFF'S MOTION FOR ATTACHMENT, PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, PLAINTIFF'S MOTION FOR A PARTIAL STAY FOR ITS MOTION FOR A PRELIMINARY INJUNCTION, PLAINTIFF'S MOTION FOR EXPEDITED TRIAL AND DEFENDANT'S MOTION TO STRIKE

GENE CARTER, Chief Judge.

This action is here on remand from the Federal Circuit for a trial on damages for infringement by Defendant of Plaintiff's Knop patent. 847 F.2d 819. Plaintiff has moved both for an additional attachment and for a preliminary injunction to secure the damages which it seeks. In December 1989, Plaintiff sought and obtained an *ex parte* order of attachment and trustee process against Defendant in the amount of $3,000,000. Under the authority of that order, Plaintiff attached $1,739,000 worth of Defendant's assets. Although the original order has expired, the Maine Rules of Civil Procedure, which govern remedies for securing satisfaction of the judgment, Fed. R.Civ.P. 64, provide for the issuance of additional attachment and trustee process. Me.R.Civ.P. 4A(e). The Court is satisfied, as it was before, that Plaintiff is likely to recover significant damages from Defendant and that security in the amount of $3,000,000 is in order. The Court will, therefore, GRANT the requested motion for an order of additional attachment and trustee process with the proviso that the total attachment and trustee process under the two orders not exceed $3,000,000.

As a second line of security, Plaintiff has also sought a preliminary injunction prohibiting the defendant from (1) declaring or distributing any further dividends, (2) making any further loans or "advances" to any affiliated company or entity, or to any shareholder, officer, director or employee, (3) making any further payments to H.E. Proctor Companies, Inc. for "management and accounting services," (4) making any further lease payments to affiliated companies, (5) increasing its present loans from existing lines of credit which are secured by any assets of Gabriel, (6) increasing the salary of any shareholder who is also an employee, and (7) distributing any real, personal or intangible property of the defendant to any affiliated company or entity, without the prior approval of this Court.

A preliminary injunction can be granted when it is necessary to protect a damages remedy. *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43, 53 (1st Cir.1986).

The Court must, however, review the application under the criteria generally used for preliminary injunctions. Specifically, the Court must determine that plaintiff will suffer irreparable injury if the injunction is not granted; that the injury to plaintiff outweighs any harm caused to defendant by the grant of injunctive relief; that plaintiff is likely to succeed on the merits; and that the public interest will not be adversely affected by the granting of the injunction. *Id.* at 51–52.

The Court finds that this is not an appropriate case for a preliminary injunction. The amount of damages to be awarded is, at this point, highly speculative and will depend on the Court's determination of the measure of damages. Given the attachment ordered above and the attachment of Gabriel's assets under the Court's prior order, the Court notes that Plaintiff has a measure of protection for any damage award it receives. The Court is not persuaded that further protection is necessary at this point.

Andrew asserts that Gabriel has an apparent intention to "siphon off all cash or unsecured assets to affiliates or shareholders." The affidavit of Frank Gemme, President of Gabriel, states, however, that Gabriel has suspended its payment of dividends and has no intention of issuing further dividends or of making loans or advances to affiliates until "it becomes clear to Gabriel that it has adequate means to satisfy the damage judgment returned by this Court." Neither the payments by Gabriel to Proctor Companies for managerial and accounting services, an arrangement which predates this litigation by two years, nor Gabriel's below market rate lease of both realty and equipment from HEPCo indicate to the Court a deceptive intention on the part of Gabriel sufficient to warrant the issuance of injunctive relief.

Finally, it appears to the Court that an injunction like that proposed by Plaintiff would have significant harmful effects on Gabriel's business. If Gabriel were to have to find new equipment, new managerial and accounting services, and new space for its operations, its business could be seriously impaired. Thus, it appears that the potential harm to Defendant from the proposed injunction is greater than the potential harm to Plaintiff if no injunction is granted.

After Defendant filed its response to the Motion for a Preliminary Injunction, Plaintiff filed a Motion for a Partial Stay for its Motion for a Preliminary Injunction and to Allow Discovery.[1] The motion seeks to have the Court stay its decision on the Motion for Preliminary In-

1. The memorandum in support of this motion was incorporated in Plaintiff's Reply Memorandum on the Motion for a Preliminary Injunction. Defendant has moved to strike the memorandum as late filed and overlong. The Court agrees that the reply memorandum, as such, was both too late and too long. Local Rule 19(d) prescribes that reply memoranda be filed within 7 days of the filing of an objection to a motion. Under local practice, three days are added to the time periods prescribed in Local Rule 19 to allow for receipt of the prior pleading by mail. *Grover v. Commercial Insurance Co.*, 104 F.R.D. 136, 138 (D.Me.1985). As previously expressed in *Coles Express v. New England Teamsters & Trucking Industry Pension Fund*, 702 F.Supp. 355 (D.Me.1988) (Cyr, J.), the Court concurs with a majority of courts that have calculated a party's total response period by beginning with the prescribed response period, excluding weekends and holidays, and then adding three mailing days. *See Tushner v. U.S. District Court for the Central District of California*, 829 F.2d 853 (9th Cir.1987); *National Savings Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 222 and n. 7 (S.D.Fla.1989); *Nalty v. Nalty Tree Farm*, 654 F.Supp. 1315 (S.D.Ala. 1987). *See also* C. Wright & A. Miller, *Federal Practice and Procedure* § 1171. In this case, Defendant's objection was filed on Wednesday, October 18, 1989. The seven day response time, excluding weekends and holidays, ended on Friday, October 27. Addition of the extra three mailing days results in a filing deadline of Monday, October 30, 1989. Plaintiff's memo was filed on Wednesday, November 1. The rule also requires that reply memoranda have, at maximum, five pages. This memo, however, was 19 pages long. The Court will, therefore, GRANT the motion to strike as it pertains to the reply memorandum.

If the memorandum is considered as the initial memorandum in support of the Motion to Stay, it is neither too late nor too long. Although it is obviously inconvenient and awkward for Plaintiff to have filed the two memoranda as one, the Court has, therefore, considered pages 1–10, the portion of the memorandum pertaining to the Motion to Stay and for Further Discovery.

junction to allow Plaintiff to conduct discovery on Defendant's loan agreements with its bank and on its business dealings with its affiliated companies. Plaintiff suggests that such discovery will demonstrate whether Defendant's dealings are legitimate or whether its financial activities should be constrained by an injunction to protect the damages judgment Plaintiff will secure. Plaintiff, upon motion, previously received Defendant's year-end financial statements, and it has received further information in the affidavits submitted by Defendant in response to the Motion for a Preliminary Injunction. The Court sees no need for further discovery of Defendant's financial transactions at this stage of the proceedings so that Plaintiff can try to generate a basis for a preliminary injunction where it has previously failed. Such discovery may, however, be appropriate later in aid of execution of the judgment that will be rendered by this Court. *See* Fed.R. Civ.P. 69(a).

Plaintiff has also filed a Motion for Expedited Trial on Damages, asserting that the case is generating a "seemingly endless string of motions," that Gabriel's financial condition is declining, and that the interest due on the award is increasing. The Court is painfully aware of the flood of motions filed in this case. The Court must DENY the motion for expedited treatment, however, because this judge is currently serving the federal judicial needs of the entire District of Maine, and the crush of the combined docket makes it difficult to give preferred status to any case.

Accordingly, it is ORDERED that Plaintiff's Motion for Additional Attachment be, and it is hereby GRANTED. Plaintiff may make attachment against Defendant's property in any amount PROVIDED that the aggregate of Plaintiff's attachment under this order and under the Court's previous order does not exceed $3,000,000.

It is FURTHER ORDERED that Plaintiff's Motion for a Preliminary Injunction, Plaintiff's Motion for a Partial Stay and to Allow Discovery, and Plaintiff's Motion for Expedited Trial, be, and they are hereby, DENIED.

Finally, it is ORDERED that Defendant's Motion to Strike is GRANTED in part and DENIED in part as specified in footnote 1.

SO ORDERED.