Kent D. WINTERS, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, et al.,
Defendants.

Civ. No. 92–94–P–C.

United States District Court,
D. Maine.

Dec. 18, 1992.

Memorandum and Order
on Motion for Reconsideration
Jan. 29, 1993.

Rubin Segal, Portland, ME, for Kent Winters.

James Barns, Drummond & Drummond, Portland, ME, for defendant FDIC.

Terry Fralich, Patricia Lerwick, Norman, Hanson & Detroy, Portland, ME, for defendant One Bancorp.

James Barns, Drummond & Drummond, Portland, ME, for Fleet Bank of Maine.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

### A. PROCEDURE

The Court has before it for action at this time the Motion of Defendant Federal Deposit Insurance Corporation (hereinafter "FDIC") for Summary Judgment (Docket

No. 16). The motion is supported by Defendant's Memorandum in Support of the Motion (Docket No. 17), a Statement of Material Facts Not in Dispute by Defendant FDIC (Docket No. 18), and the Affidavits of K. McDermott and T.R. Eastaugh (Docket Nos. 19 and 20). Plaintiff has filed no response to the motion.

### B. STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment must be granted if:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Court of Appeals for the First Circuit has articulated the legal standard to be applied in deciding motions for summary judgment:

[T]he movant must adumbrate 'an absence of evidence to support the nonmoving party's case.' *Celotex Corp. v. Catrett*, 477 U.S. 317, 325[, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265] (1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both 'material,' in that it might affect the outcome of the litigation, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248[, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904[, 96 S.Ct. 1495, 47 L.Ed.2d 754] (1976), and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent. *Anderson*, 477 U.S. at 248, [106 S.Ct. at 2510]; *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). It is settled that the nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating that there is a triable issue. 'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions

of the truth which a factfinder must resolve at an ensuing trial.' *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989). As the Supreme Court has said:

[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249–59[, 106 S.Ct. at 2510–15.]

*Brennan v. Hendrigan*, 888 F.2d 189, 191–92 (1st Cir.1989).

It is well-established law in this district that Fed.R.Civ.P. 56 requires the Court to examine the merits of a motion for summary judgment even though a nonmoving party fails to object as required by Local Rule 19(c). *Gagne v. Carl Bauer Schraubenfabrick*, 595 F.Supp. 1081, 1084 (D.Me.1984); *McDermott v. Lehman*, 594 F.Supp. 1315 (D.Me.1984). However, a party who fails to object to a motion for summary judgment within ten days, as is required by Local Rule 19(c), is deemed to have consented to the moving party's statement of facts to the extent it is supported by appropriate record citations. *Lehman*, 594 F.Supp. at 1321.

### C. DISCUSSION

The Court has examined carefully the written submissions in support of the motion and CONCLUDES that there is no genuine issue of fact and that the Defendant is entitled to judgment as a matter of law on the basis of its contention that no "change of control event" had occurred prior to the failure of Maine Savings Bank (hereinafter "MSB") and that Plaintiff, therefore, has no provable claim against the Receiver under the employment contract that existed between Plaintiff and MSB prior to the failure for benefits payable upon a change in control as provided for in the contract. The contract clearly provides that the benefits sought to be recovered by the Complaint become payable only upon the occurrence of a "change

in control event" as those events are described in paragraph 2 of the agreement between Plaintiff and MSB dated November 1, 1988. Exhibit "A" to Docket No. 18. It is established by the Statement of Material Facts (Docket No. 18), in paragraphs 8–11, that no change of control event, as defined in the agreement, had occurred prior to February 1, 1991, the date of MSB's failure. Those assertions of fact are established by appropriate supporting references to materials of evidentiary quality in the record on the Motion for Summary Judgment.[1]

It is, therefore, established on this record, without dispute, that the operative factual event—that is, a "change in control event" as defined in Plaintiff's employment contract with MSB—has never occurred. The language of the contract defining such event is clear and unambiguous. *See Portland Valve, Inc. v. Rockwood Systems*, 460 A.2d 1383, 1387–88 (Me.1983). Accordingly, there can be no genuine issue of material fact as to whether Plaintiff is entitled to the benefits sought by the Complaint under the employment agreement. It is clear that the Defendant is entitled to judgment as a matter of law.

Accordingly, it is hereby ORDERED that Defendant FDIC's Motion for Summary Judgment be, and it is hereby, GRANTED. Judgment to enter.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Judgment was entered against Plaintiff in this case on December 18, 1992 (Docket No. 31) in accordance with the Court's Memorandum of Decision and Order on Defendant's Motion for Summary Judgment (Docket No. 30). Plaintiff had not filed a timely response to the motion, and in accordance with the dictates of Local Rule 19(b), the Court deemed him to have consented to Defendant's statement of material facts. Based on the undisputed facts set forth in the record, the Court then determined that there remained no genuine issue of material fact and that Defendant was entitled to judgment as a matter of law. Now before the Court is Plaintiff's motion for reconsideration (Docket Nos. 33 and 34).

Although judgment has entered for Defendant Federal Deposit Insurance Corporation (FDIC), the Court's ruling on the motion for summary judgment is an interlocutory order because there remain outstanding claims against Defendant One Bancorp, which is subject to a stay in bankruptcy. *See Greene v. Union Mutual Life Insurance Co.*, 764 F.2d 19, 22 (1st Cir. 1985). When determining whether to grant reconsideration of an interlocutory order, the Court must determine whether the interests of justice require the requested action. *Id.* The Court of Appeals has recently articulated seven factors which trial courts should consider in determining whether to grant reconsideration. The list, described as illustrative rather than inclusive, includes:

(1) the nature of the case, (2) the degree of tardiness, (3) the reasons underlying the tardiness, (4) the character of the omission, (5) the existence *vel non* of cognizable prejudice to the nonmovant in consequence of the omission, (6) the effect of granting (or denying) the motion on the administration of justice, and (7) whether the belated filing would, in any event, be more than an empty exercise.

*United States v. Roberts*, 978 F.2d 17, 21–22 (1st Cir.1992). The Court will examine the facts presented here in light of this teaching.

1. *The Nature of the Case.* This is a civil case seeking to "contest the determination made by Defendant Federal Deposit Insurance Corporation ... to disallow the claim for severance pay and the claim for employment contract payments which was brought by Plaintiff...." Plaintiff was employed as a Vice–President of Defendant FDIC's predecessor, Maine Savings Bank, a subsidiary of Defendant One Bancorp.

---

1. It is further established by the Affidavit of K. McDermott, at paragraph 6, that Fleet Bank did not assume any liability in connection with any employee benefit plans or employee contracts under its Purchase and Assumption Agreement with FDIC.

**4**

After Maine Savings failed, on February 1, 1991, FDIC was appointed its receiver, and on the same date, the FDIC entered into a purchase and assumption agreement with Fleet Bank of Maine,[1] under which certain of Maine Savings Banks assets and liabilities were transferred to Fleet. While Plaintiff's claims are plainly important to him, they do not have any overarching social significance as did vindication of the serious criminal accusations of drug-dealing addressed by the Court of Appeals in *Roberts.* This factor, therefore, does not weigh in Plaintiff's favor.

2. *The Degree of Tardiness.* Plaintiff filed his opposition to the motion for summary judgment on December 16, 1992. (Docket No. 26). Defendant's motion had been filed on November 27. Thus, under Local Rule 19(c), the opposition was due on December 14, 1992. *See Cardente v. Fleet Bank,* 146 F.R.D. 13 (D.Me.1993); *Andrew Corp. v. Gabriel Electronics, Inc.,* 735 F.Supp. 24, 27 n. 1 (D.Me.1990). The fact that Plaintiff's delay in filing the objection was slight, only two days, weighs in favor of allowing reconsideration.

3. *The Reasons for the Tardiness.* Plaintiff's counsel asserts that he misunderstood the operation of Local Rule 19 in conjunction with Fed.R.Civ.P. 6(a) and 6(e), and therefore miscalculated the date upon which his response was due. Specifically, counsel argues that he thought that the Local Rule in combination with Federal Rule 6 permitted three business days for mailing, excluding intervening weekends and holidays, and 10 business days for responding, also excluding intervening weekends and holidays. This Court has taken pains to see that the operation of Local Rule 19 is clear to the bar of this District. *See Cardente v. Fleet Bank,* 146 F.R.D. at 20–21; *Andrew Corp. v. Gabriel Electronics, Inc.,* 735 F.Supp. at 27 n. 1; *Coles Express v. New England Teamsters & Trucking Industry Pension Fund,* 702 F.Supp. 355 (D.Me.1988). Both *Andrew Corp.* and *Coles Express* clearly distin-

guish the prescribed response period "excluding weekends and holidays" from the three extra days for mailing, which are clearly calendar days. *Id.* Moreover, in *Andrew* the Court specifically adopted the calculation method set forth in *National Savings Bank v. Jefferson Bank,* 127 F.R.D. 218, 222 n. 7 (S.D.Fla.1989), where the possibility of excluding weekends and holidays from the three-day mailing period was expressly rejected. *Andrew Corp. v. Gabriel Electronics, Inc.,* 735 F.Supp. at 27 n. 1. Counsel's failure to understand the operation of the three-day mailing period was clearly unwarranted.

Counsel also argues that because certain government offices are "traditionally closed" on the day after Thanksgiving, the computation of the time period here would have run from the Monday following Thanksgiving, November 30, making his submission timely. Counsel had only to consult Federal Rule of Civil Procedure 6(a) to determine that the day after Thanksgiving is not a federal holiday to be excluded in calculating prescribed response times. In the Court's view, neither of the purported reasons for the tardiness is acceptable, and this factor weighs against Plaintiff.

4. *The Character of the Omission.* In *Cardente,* 146 F.R.D. at 22, the Court found gross negligence in an experienced attorney's failure to file a timely response to an objection because of assumptions about the operation of the Local Rule, when the Court had ordered filing on a date certain. In *Cardente,* the Court found most distressing a pattern of untimely filing after the Court had already granted enlargements of the response time under the rule. In this case there is no such pattern. Moreover, counsel's affidavit shows that the filing was delayed until it was too late because counsel was trying to procure an affidavit of the former Chief Operating Officer of Maine Savings Bank. He was unable to obtain the affidavit until December 16. Obviously, counsel should have understood the rule and filed a motion for enlargement which would have been

---

1. Fleet Bank was initially named as a Defendant, but a Stipulation of Dismissal as to Defendant Fleet was filed on November 4, 1992 (Docket No. 12).

granted under the Court's liberal policy in respect to timely requests for enlargement of time. *See id.* at 22, *Picucci v. Town of Kittery,* 101 F.R.D. 767, 769 (D.Me.1984). The Court does not, however, see counsel's failure as bordering on the deliberate, and does not detect, as it did in *Cardente,* a cavalier attitude toward the Local Rules, or bad faith in counsel's approach to his responsibilities. Accordingly, this factor weighs neither for nor against Plaintiff.

5. *Prejudice.* The Court discerns no prejudice to Defendants from the brief delay occasioned by Plaintiff's late filing.

6. *Institutional Interests.* The Court has recently reaffirmed its strong institutional interest in punctilious observance of the Local Rules. *See Cardente,* 146 F.R.D. at 23. That interest weighs heavily against Plaintiff here.

7. *Utility of the Pleading.* Plaintiff had a contract with Maine Savings providing that he would receive certain payments and insurance benefits if he lost his position at the bank other than for good cause within three years of "a change of control event." In Paragraph 2, the contract describes circumstances which are to be considered change of control events. Plaintiff alleges that the failure of Maine Savings and consequent transfer of its assets to Fleet by the FDIC constitute a change of control event, triggering payment of the benefits under the contract. Plaintiff also asserts that he is entitled to severance benefits under the Maine Savings Bank severance pay plan.

The pleading which Plaintiff seeks to file late argues that the contract relied upon by Plaintiff is ambiguous as to whether the term change of control event refers to both voluntary and involuntary transfers of assets because it is silent on that issue. Whether a contract is ambiguous is a question of law for the Court to decide. *Portland Valve, Inc. v. Rockwood Systems Corp.,* 460 A.2d 1383, 1387 (Me.1983). In its previous decision on the motion for summary judgment, having the contract with its purported silence on the issue before it, the Court determined that "a 'change in control event' as defined in Plaintiff's employment contract with MSB—has never occurred. The language of the contract defining such event is *clear and unambiguous.*" Memorandum of Decision and Order on Defendant's Motion for Summary Judgment, slip op. at 4 (emphasis added).

Given the Court's determination of this issue of law, the two issues of fact that Plaintiff seeks to generate with its late submission are immaterial and therefore would not be of any assistance in defeating Defendant's motion for summary judgment. First, Plaintiff seeks to show that there is a question of fact as to whether the closing of Maine Savings, appointment of FDIC as Receiver and the transfer of assets to Fleet under the purchase and assumption agreement constituted a single transaction. Since the Court has determined that the contract unambiguously defines change of control event to exclude involuntary transfers of assets like the one that occurred here, even if the transfer of assets were viewed as a single transaction rather than a series of separate ones, the result on Defendant's motion would not be different.

Similarly, Plaintiff seeks with its late filed response to the motion to raise an issue of fact as to whether the parties to the contract intended it to operate in the event of involuntary transfers of assets. The evidence, presented by affidavit, cannot raise an issue of material fact because the Court has determined that the contract is unambiguous, and parol evidence cannot be used to generate an ambiguity in an unambiguous contract. *Id.* It is plain, then, that even if the Court were to consider Plaintiff's late filed opposition to the summary judgment motion, the result of the Court's determination on Count I of the complaint would not change.

 In its decision on the motion for summary judgment, the Court inadvertently failed to rule on the portion of the motion directed to Count II of the complaint. With that common law claim for breach of contract, Plaintiff seeks severance pay un-

der Maine Savings Bank's severance pay plan. The Court has twice before addressed contract claims for severance pay brought by former Maine Savings employees under the Maine Savings Financial Security Severance Plan when their positions were terminated shortly after the failure of Maine Savings Bank. In each case the Court has found the claims to be preempted by ERISA. *See Muldoon v. Federal Deposit Insurance Corp.*, 788 F.Supp. 608 (D.Me.1992); *Redman v. Federal Deposit Insurance Corp.*, 794 F.Supp. 20 (D.Me. 1992). That is the case here also. Summary judgment is, therefore, appropriate for Defendants on Count II of the complaint.

The Court notes that in his late-filed response to the motion for summary judgment, Plaintiff did not address the motion as it pertains to Count II, perhaps because he realized the futility of the claim in light of the precedent in this District. Therefore, even if the response had been timely filed, Plaintiff would have been deemed to have waived argument on the severance pay claim. The Court, therefore, finds that allowing the late-filing of the pleading would not change the decision on the motion as it pertains to Count II.

8. *Recapitulation.* Examination of the "interests of justice" factors in this case would leave the scales evenly balanced on the motion for reconsideration if it were not for the final factor assessing the utility of the late-filed pleading. The Court's perusal of the Plaintiff's memorandum and supporting documents makes plain, however, that even if late filing were permitted, Plaintiff could not prevail on the motion.

Accordingly, it is ORDERED that Plaintiff's Motion for Reconsideration be, and it is hereby, DENIED. It is FURTHER ORDERED that Defendant's Motion for Summary Judgment on Count II be, and it is hereby, GRANTED. The judgment entered on December 18, 1992, shall be amended to reflect that it is entered in accordance with the Court's orders of both December 18 and this date and that it is

entered in favor of Defendant FDIC on both counts of the complaint.

SO ORDERED.