4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of SCHULTZ MANUFACTURING & FABRICATING CO., Debtor,
Appeal of Daryl A. SCHULTZ and Norita J. Schultz.
 No. 92-3296.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.*
Decided Sept. 14, 1993.
Rehearing Denied Oct. 4, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Daryl and Norita Schultz are officers of the Schultz Manufacturing and Fabricating Company, which is going through bankruptcy. The bankruptcy judge found the Schultzes in contempt of court for their "willful failure to cooperate with the Trustee in that they have repeatedly failed to provide financial data of the debtor as previously ordered by this Court." R. 4. They were ordered either to turn over the requested documents and file a Sec. 1019 operating report by certain dates or face imprisonment and daily fines until they did so. They objected to this order, which entitled them to de novo review by the district court. The district court rejected their arguments, and they now appeal.
 
 
 2
 The Schultzes contend that the contempt order is invalid because it was entered without the court holding a hearing as required by Bankruptcy Rule 9020(b). What happened was this: The Trustee filed a motion to hold the Schultzes in contempt. On the day of the scheduled hearing, the attorney for Schultz Manufacturing and the Trustee met with the judge beforehand and offered to submit an agreed order resolving the Trustee's motion. The court accepted this plan and later entered its order, based on the parties' stipulations, without holding a hearing.
 
 
 3
 Appellants assert that this violated Rule 9020(b), which provides that "Contempt committed in a case or proceeding pending before a bankruptcy judge ... may be determined by a bankruptcy judge only after a hearing on notice." However, we do not think this rule requires a court to hold a hearing when doing so would be an empty formality; that is, where there is no genuine issue of material fact. Rule 9020(b) governs contempt other than that committed in the presence of the bankruptcy judge (on which see Rule 9020(a)). Its hearing requirement assures that parties accused of committing contempt outside of the judge's presence have an opportunity to tell their side of the story. Here the Schultzes had that chance, but their attorney decided that the facts were so clear there was no need to dispute them at a hearing. Where facts are undisputed there is no need for a hearing, even in contempt proceedings. In re Grand Jury Proceedings Empaneled May 1988, 894 F.2d 881, 882 (7th Cir.1989); Morales-Feliciano v. Parole Bd. of Commonwealth of Puerto Rico, 887 F.2d 1, 6 (1st Cir.1989). Further, the Schultzes are bound by their attorney's strategic decision to forego the hearing. Staatz v. Dupnik, 789 F.2d 806 (9th Cir.1986); McNeal v. Wainwright, 722 F.2d 674 (11th Cir.1984). Thus the court's failure to hold one does not invalidate its order under Rule 9020(b).
 
 
 4
 Alternatively, the Schultzes argue that the agreed contempt order was invalid because under Rule B-226 of the local bankruptcy rules for the Northern District of Indiana a signed copy of any settlement or stipulation must be filed with the clerk of the court, which did not happen here.[1] There was no need to comply with Rule B-226 here, however, because the contempt issue was not settled out of court. Rather, the Trustee wrote a draft order for the court, which it independently reviewed and adopted as its own, stating that "the parties by counsel advise the Court that they stipulate and the Court finds as follows". Schultz App. 1 (emphasis added). Thus the court made its own decision, albeit guided by the parties' agreement. The court's order removed the need to file a copy of the agreement because it, not the stipulation, is the last word on the matter.
 
 
 5
 Lastly, the Schultzes point out that the bankruptcy court never entered its contempt order on a separate document as required by Fed.R.Civ.P. 58. That was not necessary. Rule 58's requirement of judgment on a separate document serves to clarify the dates for filing post-trial motions and notices of appeal. 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and procedure, Sec. 2781 at 6 (1973). Under Rule 9020(c), in contrast, there is no need for a separate judgment because a bankruptcy court's contempt order is not appealed like a regular order. Rather, a copy of the order is served on the contemnor, who then has ten days to serve and file objections to it. If objections are timely filed, the district court reviews the order de novo. If not, then the order becomes effective as if the district court had entered it itself. When objections are filed, then, there is no need for a Rule 58 order because the judgment does not become final until the district court reviews the bankruptcy court's decision. In this sense a bankruptcy court's contempt order is akin to a magistrate judge's Report and Recommendation, which proposes to decide an issue, but is not considered final until the parties have a chance to object and the district court decides whether it agrees with the magistrate judge. Since the district court here agreed with the bankruptcy court and complied with Rule 58 in entering its judgment the appellants' argument must fail.
 
 
 6
 No other claims merit discussion. Accordingly, the district court's order is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Rule B-226 states:
 When a case, adversary proceeding, contested matter, dispute, claim or controversy is settled, the parties shall, within thirty (30) days of notifying the court of the settlement or stipulation, file with the clerk a signed agreement for judgment, allowance of claim or stipulation for dismissal, as appropriate.