**ROLEC, INC. and Lawrence Caldwell, Plaintiffs.**

v.

**David ZEVETCHIN, Defendant.**

**Civ. No. 92–362–P–C.**

United States District Court, D. Maine.

April 28, 1994.

**6**

John S. Campbell, Poulos & Campbell, Portland, ME, for plaintiffs.

William B. Devoe, Daniel M. Lay, Eaton, Peabody,. Bradford & Veague, Bangor, ME, for defendant.

### MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFFS' AND PLAINTIFFS' FORMER COUNSEL'S MOTIONS FOR RECONSIDERATION

GENE CARTER, Chief Judge.

Plaintiffs and Plaintiffs' former counsel request reconsideration of and relief from the Sanction Order entered by this Court on February 10, 1993 (Docket No. 22).[1] That Order was entered after Plaintiffs failed to file a response to the Motion for Costs and Sanctions (Docket No. 11), and in accordance with the dictates of Local Rule 19(c), the Court deemed any objections waived. Based on its findings of fact and conclusions of law, the Court entered an Order requiring Plaintiffs to pay Defendant's costs and attorneys' fees in connection with the portion of the case involving injunctive relief from the time of removal to this Court. After reviewing the written submissions of the parties, the Court denies both motions for reconsideration.

### FACTS

This action was commenced on September 15, 1992, in the Maine Superior Court to recover monies allegedly advanced by Plaintiff Rolec, Inc. to Defendant Zevetchin and to enforce a non-competition clause in the parties employment contract dated August 22, 1989. Rolec sought and obtained an *ex parte* temporary restraining order ("TRO") against Defendant preventing him from doing business in the State of Maine. The Complaint and application for the TRO relied upon provisions in an employment contract dated August 22, 1989, characterizing Defendant Zevetchin as an "employee" and which Rolec claims provided it a right to restrain Mr. Zevetchin from conducting business as a sales person for two years from the date of

---

1. As part of this motion, Plaintiffs also request relief from this Court's Order requiring them to pay sanctions to Defendant Equipment & Systems for Industry ("ESI") (Docket No. 15) and entry of summary judgment in favor of ESI (Docket No. 32). Plaintiffs have settled their claims against Defendant ESI and stipulated to the dismissal of ESI (Docket No. 92 and 93), therefore, the parts of the motion dealing with ESI are moot.

his termination of employment with Rolec. The case was subsequently removed to this Court.

One month after the action was removed to this Court, Rolec's counsel requested an evidentiary hearing on its prayer for a Preliminary Injunction as requested in Count VII of the Complaint. The Court scheduled an evidentiary hearing for December 11, 1992. Just prior to commencement of the hearing, Plaintiffs' counsel advised Defendant's counsel that the employment agreement which formed the basis for the claim for relief in the Complaint was no longer considered to be the operative agreement between Mr. Zevetchin and Rolec. Instead, Defendant was advised that a later Sales Agent Agreement (hereinafter "second agreement") dated August 29, 1989, characterizing Mr. Zevetchin as an "independent contractor" was now being offered as the source for Plaintiffs' claim for relief. At this time Defendant was advised that the agreements were virtually identical. Defendant was further advised that Plaintiffs intended to file a motion to amend their Complaint and substitute the second agreement for the original agreement. Defendant was provided a copy of the second agreement moments before the hearing commenced. Plaintiffs' counsel advised Defendant that he intended to bring this matter to the attention of the Court and to advise of his intention to move to amend the Complaint.

When the evidentiary hearing began, Plaintiffs' counsel had not sought any amendment of the Complaint, made no reference to the second agreement, called his first witness, and began to conduct substantive examination of that witness. It was not until objection to questions posed by Plaintiffs' counsel that the Court was advised of the existence of the second agreement. Plaintiffs' counsel stated that he learned of the second agreement only two days earlier after his clients reviewed a file maintained by predecessor counsel. His explanation, however, for not having advised Defendant or the Court of the existence of the second agreement was that he did not have the staff available on the intervening day.

As a result of this last minute disclosure, this Court entered an Order continuing the hearing and requiring Plaintiffs, if they intended to renew their request for preliminary injunctive relief, to set forth that claim "accurately in an amended complaint and motion for such preliminary injunctive relief." Order Continuing Hearing and Requiring Amended Pleadings (Docket No. 10). After a month had passed, and Plaintiffs did not amend their Complaint to reflect the set of facts which Plaintiffs believed controlling, Defendant filed a Motion for Costs and Sanctions (Docket No. 11). No objection, or any other response, having been filed to the motion, this Court granted the motion. The Order granting the motion, however, did not result simply from the operation of Rule 19(c), but was the result of the Court entering separate findings of fact and conclusions of law with regard to the merits of the motion. In addition to the above-stated findings of fact, this Court determined that Defendant was "improperly and directly caused to incur unnecessary attorney's fees and costs of litigation in this matter and personal costs and losses of his own in connection with the defense of his interests in this matter." Order on Defendant Zevetchin's Motion for Costs and Sanctions (Docket No. 22) at 2. Accordingly, this Court ordered Plaintiffs and their counsel to reimburse Defendant costs and attorneys' fees in connection with the portion of the case involving injunctive relief from the time of removal to this Court.

## DISCUSSION

▆▆▆ Plaintiffs, and Plaintiffs' former counsel, now ask the Court to reconsider its Rule 19(c) ruling (Docket Nos. 42 and 70). To resolve this motion, the Court must determine whether the interests of justice require reconsideration of this interlocutory order. *Greene v. Union Mutual Life Insurance Co.,* 764 F.2d 19, 22 (1st Cir.1985). The Court of Appeals has articulated seven factors which trial courts should consider in determining whether to grant reconsideration. The list, described as illustrative rather than inclusive, includes:

(1) the nature of the case, (2) the degree of tardiness, (3) the reasons underlying the tardiness, (4) the character of the omission,

(5) the existence *vel non* of cognizable prejudice to the nonmovant of the omission, (6) the effect of granting (or denying) the motion on the administration of justice, and (7) whether the belated filing would, in any event, be more than an empty exercise.

*United States v. Roberts*, 978 F.2d 17, 21–22 (1st Cir.1992). The Court will examine the facts presented here in light of this standard.

1. *The Nature of the Case.* This is a civil case seeking damages for breach of contract between Rolec and Mr. Zevetchin. While Plaintiffs' claims are important to them, they do not have any overarching social significance as did vindication of the serious criminal accusations of drug-dealing addressed by the Court of Appeals in *Roberts.* This factor, therefore, does not weigh in Plaintiffs' favor.

2. *The Degree of Tardiness.* Defendants' motion was filed on January 19, 1993. Thus, under Local Rule 19(c), the opposition was due on February 5, 1993. When no response was filed, the Court entered an Order granting the requested costs and sanctions on February 10, 1993. It was not until over a month after the Court entered its Order that Plaintiffs filed any opposition to the motion. That opposition came in the form of the instant motion requesting reconsideration. Because Plaintiffs' failed altogether to respond to the motion, this factor weighs against permitting reconsideration.

3. *The Reasons for the Tardiness.* Both Plaintiffs and Plaintiffs' former counsel, James G. Palmer, have requested relief from the Rule 19(c) default and the entry of the Sanction Order. Mr. Palmer has filed an affidavit accepting sole responsibility for and explaining the reasons for the failure to file. Plaintiffs, on the other hand, assert that they did not know that any Motion for Costs and Sanctions had been filed until March 9, 1993. In the motion for reconsideration Plaintiffs attempt to make a distinction between their actions, and thus their resulting culpability, and the actions of their former counsel.

Mr. Palmer has explained that during the time frame at issue he had overwhelming personal problems, including the foreclosure on, and sale of, his home, and the death of his mother. Affidavit of James G. Palmer (Docket No. 39) at 1–2. In addition, Mr. Palmer states that he had "been undergoing numerous pressures in regard to the closing of [his] office, which [he had] planned for some time to complete by April 1, 1993." *Id.* at 2. These problems distracted Mr. Palmer from attending to the motions in this case. Mr. Palmer states, and this Court agrees, that "[t]here is no excuse for my neglect in this case." *Id.* at 1. If Mr. Palmer was unable to attend to his client's case because of his serious problems, then he was under an obligation to secure in a timely manner substitute counsel who could do that in his place. This is especially true in light of the fact that Mr. Palmer planned to give up his law practice by April 1st.

Plaintiffs state that it was not until March 5, 1993, that they learned of the Sanction Order, and that not until March 9, 1993, did they actually become aware of Defendant's sanctions motion. Affidavit of Daniel Doyle (Docket No. 44) at 2; Palmer Affidavit at 2. Relying on their former counsel's personal problems and that "[t]hey certainly had no role in their counsel's failure to object," Plaintiffs conclude that "the tardiness is explained ... sufficiently so that Plaintiffs should not have to suffer from the neglect of their counsel." Memorandum of Law in Support of Motion for Relief from Order (Docket No. 43) at 5 and 6.

The described circumstances, however, do not relieve Plaintiffs from responsibility for the default. Indeed, there are few tenets so well established in American jurisprudence as the proposition that a client is bound by the acts or omissions of his counsel. *See e.g., Coleman v. Thompson,* 501 U.S. 722, ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640, 671 (1991) (*habeas* petitioner must "bear the risk of attorney error that results in procedural default"); *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 92, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990) (in "our system of representative litigation ... each party is deemed bound by the acts of his lawyer-agent"); *Link v. Wabash Railroad Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (under our system of representative litigation "each party is deemed bound by the acts of his lawyer-agent and is considered to have

'notice of all facts, notice of which can be charged upon the attorney.'" (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1880))); *United States v. One Lot of $25,721.00 in Currency*, 938 F.2d 1417, 1422 (1st Cir.1991) ("acts or omissions of counsel are visited upon the client"); *United States v. Parcel of Land with Building, Appurtenances, and Improvements, Known as Woburn City Athletic Club, Inc.*, 928 F.2d 1, 6 (1st Cir.1991); *Ojeda–Toro v. Rivera–Mendez*, 853 F.2d 25, 30 (1st Cir.1988); *Security National Bank v. John Deere Co.*, 927 F.2d 519, 520 (10th Cir.1991); *King v. Armstrong World Industries, Inc.*, 906 F.2d 1022, 1025 (5th Cir.1990); *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir.1990); *United States v. DiMucci*, 879 F.2d 1488, 1496 (7th Cir.1989); *Nolting v. Yellow Freight System, Inc.*, 799 F.2d 1192, 1200 (8th Cir.1986); *Staatz v. Dupnik*, 789 F.2d 806, 808 (9th Cir.1986); *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985); *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1522 (5th Cir.1985); *Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir.1981).

In the Court's view, neither Mr. Palmer's nor Plaintiffs' reasons for the failure to file excuse the default. Thus, this factor weighs against Plaintiff.

4. *The Character of the Omission.* While the simple failure to file an objection within the time limits of the Local Rules would ordinarily not be considered gross negligence, the facts of this case support that conclusion. This failure to file arises in the context of Defendant's having filed a Motion for Costs and Sanctions for the expenses that resulted from Plaintiffs' original failure to undertake an adequate investigation as to the facts of this case before commencing it. Specifically, Plaintiffs sought this Court's equitable intervention in the form of a preliminary injunction which, if granted, would have had

the effect of depriving Defendant of his livelihood on the basis of a contract which admittedly did not reflect the parties agreement. Plaintiffs were aware of this error at least two days before the hearing but failed before the hearing to advise either the Defendant or the Court. Thus causing Defendant hours of unnecessary preparation.

At the December 11, 1992, hearing Plaintiffs were put on oral notice that costs would be sought. Thus it should not have come as a surprise when Defendant filed the sanction motion.[2] Given the seriousness of the claims asserted in the Motion for Costs and Sanctions, Plaintiffs' counsel, even with his personal problems, was under an obligation to secure substitute counsel. These facts, although not rising to the level of deliberate bad faith, amount to gross negligence. Accordingly, this factor weighs against Plaintiffs.

5. *Prejudice.* The Court discerns no prejudice to Defendants from the delay occasioned by Plaintiffs' failure to file a response to the Motion for Costs and Sanctions.

6. *Institutional Interests.* The Court has said numerous times that it has a "strong institutional interest in punctilious observance of the Local Rules." *Winters v. Federal Deposit Ins. Corp.*, 812 F.Supp. 1, 5 (D.Me 1993). *See also Cardente v. Fleet Bank of Maine, Inc.*, 146 F.R.D. 13, 23 (D.Me.1993). That interest weighs heavily against Plaintiffs here.

7. *Utility of the Pleading.* Plaintiffs assert that the Court improperly granted an "automatic sanction" against them for their failure to comply with Local Rule 19(c). Motion for Relief From Order (Docket No. 42) at 2. Plaintiffs seek to file late, arguing that they should not be sanctioned because the facts of this case do not establish a violation of Rule 11. Contrary to Plaintiffs' assertion, these facts do establish a violation of Rule 11.

---

2. At the hearing Defendant expressed the prejudice resulting from the change in the factual basis for the Complaint and requested that the Court order Plaintiffs to pay costs. Hearing Tr. at 13: After the hearing on December 11, 1993, this Court ordered "that to the extent Plaintiff's wish to pursue claims for relief asserted in the Complaint, and specifically any claim for injunc-

tive relief, such claims [are to] be set forth accurately in an amended complaint." Order Continuing Hearing and Requiring Amended Pleadings (Docket No. 10) at 1. That Order further states "counsel shall advise the Court seasonably with respect to any further need for Court action in this matter." *Id.* at 1–2.

Rule 11 of the Federal Rules of Civil Procedure requires a reasonable inquiry into the facts asserted in the pleading prior to the filing of that or any pleading with the Court. In this regard, the rule provides:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed *after inquiry reasonable under the circumstances,*

.     .     .     .     .

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed.R.Civ.P. 11(b)(3) (emphasis added). Rule 11 authorizes the imposition of sanctions for a violation of the Rule. Fed. R.Civ.P. 11(c).

■ It is obvious from the facts that neither Mr. Palmer nor his clients undertook even the most rudimentary factual investigation of Mr. Zevetchin's employment with Rolec prior to the filing of their application for a TRO in Superior Court or prior to renewing their application for a preliminary injunction in this Court. Plaintiffs' counsel has given no explanation as to why this file, which should have been readily available to Rolec, was not reviewed by Rolec's former counsel or by Rolec prior to the time of filing the Complaint or requesting a hearing for preliminary injunctive relief in this Court. Thus, while Plaintiffs correctly point out that Rule 11 sanctions are not permissible for the simple failure to comply with a procedural rule,[3] the underlying failure to abide by the requirements of Rule 11, which was the basis for the Court's Order Granting Costs and Sanctions, is an appropriate reason for the sanctions awarded against Plaintiffs and their attorney. It is plain, then, that even if the Court were to consider Plaintiffs' late-filed opposition to the costs and sanctions motion, the result of the Court's determination would not change.

8. *Recapitulation.* Examination of the "interests of justice" factors in this case clearly weigh in favor of not granting the reconsideration.

Accordingly, it is *ORDERED* that Plaintiffs' Motion to Alter or Amend Judgment be, and it is hereby, *DENIED.* It is *FURTHER ORDERED* that Plaintiffs' former counsel's Motion for Reconsideration be, and it is hereby, *DENIED.*

---

3. Plaintiffs incorrectly characterize this Court's action as an automatic sanction. One need only look at the Court's Order to conclude that the Court found the pertinent facts to be as stated in paragraphs 3 through 14 of attorney Metcalf's Affidavit. Moreover, the facts of this case do not resemble those in *Media Duplication Services, Ltd. v. HDG Software, Inc.,* 928 F.2d 1228, 1237 (1st Cir.1991), upon which Plaintiffs rely as support for their claim that sanction motions ought not to be granted summarily. In *Media Duplication,* a sanction of $7,500 over and above any and all attorneys' fees incurred, was imposed against a lawyer when he failed to appear in Court on the scheduled trial date. No written motion for sanctions was ever made and, because the lawyer was not in the courtroom at the time of the assessment of the fine, he had absolutely no notice of the sanction. *Id.* at 1237–38. In this case, where the sanction motion was duly served and received and where the full time period to respond to the motion had elapsed, Plaintiffs were afforded adequate procedural due process. *See Dodd Ins. Services, Inc. v. Royal Ins. Co.,* 935 F.2d 1152 (10th Cir.1991) (though evidentiary hearing not required before imposition of Rule 11 sanctions, party must receive notice and opportunity to respond).