61 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christina Jay ACKER, Plaintiff-Appellant,
v.
Lydia ARMENTA, aka CSO Armenta, Dale Copeland, Warden of
Perryville, Samuel Lewis, Director of ADOC, Mary Vermeer,
Deputy Warden, Antonio Barrios, Jr., Security, SMU, aka Lt.
Barroes, Russell N. Anderson, Security, SMU, aka CSO
Anderson, Shelly Spangler, Security SMU, aka CSO Spengler,
Sigelinde Dishmond, Security SMU, aka Sgt. Dishmond, Olga
Longoria, Security SMU, aka CSO Longoria, Raymond Devoy,
Security SMU, aka CSO DeVoy, John Chinn, Security SMU, aka
CSO Chinn, Franklin Nitteraur, Security, SMU, aka CSO
Nitterhauser, Wilma Cavender, Security, aka Lt. Cavender,
MERRY Lutz, Security, SMU, aka Mary Lutz, Margaret
Newbrough, Security SMU, aka Sgt. Newbrow, Kandy Martin,
Security (A.M. Shift), SMU, aka CSO Martin, Denise Lopez,
Security, SMU, aka CSO Lopez, Ruben Hernandez, Security SMU,
aka CSO Hernandez, Derrick Harvey, Security SMU, aka CSO
Harvey, JOHN Hayes, Richard Cabrales, Counselor SMU, aka CPO
Cabrales, Johnny Chance, Supervisor, ACI, aka Johnny Chance,
Edna Matthews, Security SMU, aka CSO Mathews, Patty Maxwell,
Counselor SMU, aka CPO Maxwell, Iris Wallace, Counselor,
SMU, aka CPO Wallace, Bruce Cattell, Programming Supervisor,
aka CPS Cattell, M. Burroughs-Nelson, Security SMU, aka Lt.
Nelson, Brett Murphy, Security SMU, aka Sgt. Murphy,
Defendants-Appellees.
 No. 94-17181.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christina Jay Acker, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendants in her civil rights action alleging unreasonable restrictions on her right of access to the courts, denial of her due process rights, and violation of 42 U.S.C. Sec. 1985(3). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 A. Access to the Court Claim
 
 3
 Acker contends that the district court erred by granting summary judgment for defendants on her claim that she was denied her right of access to the courts. This contention lacks merit.
 
 
 4
 Prisoners have a constitutional right of access to the courts which includes a right to adequate legal materials and competent legal assistance. Bounds v. Smith, 430 U.S. 817, 828 (1977); Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir. 1989). Where a prisoner claims that her right of access has been violated by something other than the denial of these basic components, she must identify an actual injury which resulted from the limitation on access. See Sands, 886 F.2d at 1171.
 
 
 5
 Here, Acker did not challenge the adequacy of legal materials or assistance; instead, Acker alleged that prison officials did not provide reasonable access to legal resources. Specifically, Acker identified the prison library's erratic schedule, a two-week retention of legal materials found in her former cell, and the denial of her request to make a phone call to her attorney on a single occasion as examples of unreasonable restrictions on her access to the courts. Acker failed to provide any evidence, however, showing that these alleged abuses ever caused her to miss a filing deadline or prevented her from pursuing a claim against prison officials.
 
 
 6
 Acker identified only a single instance where she missed a filing deadline by one day due to defendant Armenta's failure to photocopy a 500-page document in a timely fashion. Acker also stated, however, that the district court granted an extension to file the document and thus failed to establish an actual injury. See Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991) (violation based on photocopying practices requires showing of actual injury).[1]
 
 
 7
 Accordingly, the district court properly entered summary judgment for defendants on Acker's access to the courts claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (at summary judgment, the non-moving party must make "a showing sufficient to establish the existence of an element essential to that party's case ....").
 
 B. Due Process Claim
 
 8
 Acker contends that the district court erred by granting summary judgment for defendants on her claim that she was denied due process at her disciplinary hearings. This contention lacks merit.
 
 
 9
 When prison discipline affects the length of a prisoner's incarceration, the prisoner has a right to a hearing. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see also Sandin v. Conner, No. 93-1911, 1995 WL 360217, at * 8, 1995 U.S. LEXIS 4069, at * 27-28 (June 19, 1995). When prison discipline does not "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," however, the full panoply of due process rights do not apply. Sandin, No. 93-1911, 1995 WL 360217, at * 6, 1995 U.S. LEXIS 4069, at * 21-22; see also Wolff, 418 U.S. at 571 n.19 ("lesser penalties" do not require full range of due process guarantees); Mujahid v. Meyer, No. 93-15449, slip op. 8049, 8052 (9th Cir. July 10, 1995) (applying Sandin).
 
 
 10
 Here, Acker contends that prison officials should have interviewed additional witnesses and held a hearing before imposing ten hours of additional work duty on Acker as punishment for a verbal dispute Acker had with defendant Armenta concerning the untimely photocopying. Because ten hours of additional duty is not an "atypical and significant hardship," Acker had no due process right mandating that prison officials interview witnesses or conduct a hearing. See Sandin, No. 93-1911, 1995 U.S. LEXIS 4069, at * 21-22.
 
 
 11
 Acker contends that prison officials violated her due process rights by not allowing her to call a witness at a disciplinary hearing in which officials reduced her good-time credits. Because the only issue at this hearing was whether or not Acker had performed her additional work hours, prison officials could have concluded that calling witnesses would not have been helpful in clarifying the factual issues before the disciplinary officer. Therefore, prison officials did not violate Acker's due process rights by not allowing her to call witnesses. See Wolff, 418 U.S. at 566 (holding that prison officials can refuse witnesses where they would be unnecessary).[2]
 
 C. Section 1985(3) Claim
 
 12
 Acker contends that the district court erred by granting defendants' motion for summary judgment on her claims that defendants conspired to deprive her of her constitutional right of access to the courts. This contention lacks merit.
 
 
 13
 Allegations of conspiracy under 42 U.S.C. Sec. 1985(3) must be supported with specific facts that the defendants agreed to violate plaintiff's constitutional rights. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Here, Acker failed to provide any facts showing that the defendants agreed to maintain an erratic library schedule.
 
 
 14
 Accordingly, the district court properly granted summary judgment for defendants on Acker's section 1985 claim. See Celotex Corp., 477 U.S. at 322.[3]
 
 D. Adequacy of Discovery
 
 15
 Acker contends that she did not have adequate opportunities for discovery and that the district court improperly granted summary judgment for defendants before discovery was completed. This contention lacks merit.
 
 
 16
 Here, prison officials produced many of the documents requested by Acker and answered Acker's interrogatories. Acker did not, however, depose any of the defendants. Because Acker failed to submit an affidavit stating what information would be obtained through additional discovery and how that information would create a genuine issue precluding summary judgment, the district court did not abuse its discretion by granting summary judgment at the time it did. See Fed. R. Civ. P. 56(f); Mission Indians v. American Mgmt. & Amusement, Inc., 840 F.2d 1394, 1400 (9th Cir. 1987), cert. denied, 487 U.S. 1247 (1988); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (pro se litigants held to same procedural rules as litigants represented by counsel).[4]
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Acker also contends that by not deciding her motion for a preliminary injunction ordering prison officials to photocopy documents in a timely fashion, the district court hindered her effective presentation of her legal claims. The district court, however, decided the merits of the motion in Acker's favor. Moreover, on appeal, Acker identifies no actual injury from the district court's alleged delay in deciding the motion. Therefore, we cannot conclude that the district court abused its discretion. See Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir. 1985) (limited review of rulings on preliminary injunctions; reversal merited only where district court applies erroneous legal standards or makes clearly erroneous findings of fact)
 
 
 [2]
 Acker's contention that this series of disciplinary actions violates the Fifth Amendment's protection against double jeopardy fails because the double jeopardy clause does not apply to prison disciplinary hearings. See Breed v. Jones, 421 U.S. 519, 528 (1975) (application of double jeopardy clause limited to proceedings that are "essentially criminal") (internal quotations and citation omitted). Moreover, the additional work hours and the reduction of good-time credits were independent disciplinary measures imposed for separate offenses. See Staatz v. Dupnik, 789 F.2d 806, 808 (9th Cir. 1986) (double jeopardy clause protects against "multiple punishments for the same offense")
 
 
 [3]
 Because claims alleging violations of 42 U.S.C. Sec. 1986 are valid only where the plaintiff has a valid claim under section 1985(3), the district court did not err in granting summary judgment for defendants on Acker's section 1986 claim. See Karim-Panahi, 839 F.2d at 626
 
 
 [4]
 In addition, Acker contends that the district court abused its discretion by denying her motion to file an amended complaint. Because Acker's first amended complaint was a lengthy list of allegations in the form of "journal-like entries" which added another twenty defendants to the present action, we cannot conclude that the district court abused its discretion by concluding that allowing this amendment would prejudice the defendants. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991)